**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **TAYLOR LEMONS,** individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**WALGREEN PHARMACY SERVICES MIDWEST, LLC, WALGREEN PHARMACY SERVICES EASTERN, LLC, and WALGREEN PHARMACY SERVICES WESTERN, LLC,**<br><br>Defendants. | Case No. 3:21-cv-00511-MO<br><br>**SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT**<br>Oregon Wage Violations<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Taylor Lemons, individually and on behalf of all others similarly situated, brings

this action under Oregon wage and hour laws to recover penalty wages for all current and former

employees of Walgreen Pharmacy Service Midwest, LLC, Walgreen Pharmacy Services Eastern,

PAGE 1 – SECOND AMENDED CLASS ACTION COMPLAINT

LLC, and Walgreen Pharmacy Services Western, LLC (collectively all Defendants referred to as "Employers" or "Defendants") who worked for Employers within Oregon. At all times material herein, Plaintiff was employed by one or more of the Defendants in the State of Oregon.

## PARTIES

1.      Plaintiff Taylor Lemons resides, is domiciled, and is a citizen of Oregon.

2.      Defendant Walgreen Pharmacy Services Midwest, LLC (WPSM) members are citizens of Delaware, Illinois, Louisiana, and New York. WPSM is an LLC organized under the laws of Illinois, with its principal place of business in Deerfield, Illinois. WPSM is an indirect, wholly owned subsidiary of Walgreen Co. Members of WPSM include Duane Reade Inc., Bond Drug Company of Illinois, LLC, Walgreen Louisiana Co., Inc., and Happy Harry's, Inc. Walgreen Co. is a wholly owned subsidiary of Walgreens Boots Alliance, Inc., a holding company incorporated in Delaware that has issued shares to the public listed on NASDAQ (WBA).

3.      At all times material, Defendant Walgreen Pharmacy Services Eastern, LLC (WPSE) was a citizen of Delaware, Illinois, Louisiana, and New York. WPSE was an LLC organized under the laws of Illinois, with its principal place of business in Deerfield, Illinois.

4.      WPSE was an indirect, wholly owned subsidiary of Walgreen Co. until it merged with defendant WPSM on January 26, 2016.

5.      At all times material, Defendant Walgreen Pharmacy Services Western, LLC (WPSW) was a citizen of Delaware, Illinois, Louisiana, and New York. WPSW was an LLC organized under the laws of Illinois, with its principal place of business in Deerfield, Illinois.

6.      WPSW was an indirect, wholly owned subsidiary of Walgreen Co. until it merged with defendant WPSM on January 26, 2016.

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

7.     Until the merger in January 2016, WPSM, WPSE, and WPSW were separate and independent legal entities.

8.     Lemons is a former employee of defendants WPSM and WPSE or WPSW.

9.     At all material times, Plaintiff and all similarly situated individuals are current and former employees of Employers, who worked for Employers in Oregon, and who were subject to Oregon wage and hour provisions.

10.    Each Defendant conducted substantial business and has, or had, employees working in Multnomah County Oregon.

## JURISDICTION

11.    The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (amending 28 U.S.C. § 1332(d)), confers federal jurisdiction over class actions involving (a) minimal diversity (i.e., diversity between any defendant and any putative class member); (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no Defendant identified in the Complaint is a state, officer of a state, or a government agency. 28 U.S.C. § 1332(d)(5).

*Diversity of Citizenship*

12.    Pursuant to 28 U.S.C. § 1332(d)(2), the diversity requirement under CAFA is satisfied when (1) any member of a class of plaintiffs is a citizen of a state different from any defendant, (2) when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or (3) when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. Here, the diversity requirement under CAFA is satisfied because Plaintiff is a citizen of a state different from at least one defendant.

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

*The Proposed Class Exceeds 100*

13.     Plaintiff estimates the class to exceed 1000 persons.

*The Amount in Controversy Exceeds $5,000,000*

14.     Plaintiff's asserted putative class places in controversy in excess of $5 million, excluding interest and costs. Plaintiff seeks statutory penalty wages pursuant to ORS 652.150 against each employer as alleged below. Total damages are estimated at 7.08 million dollars.

15.     Additionally, attorneys' fees are properly included in the amount in controversy for purposes of evaluating diversity jurisdiction. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).

## VENUE

16.     Venue is proper under 28 U.S.C. § 1391(b), because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon. The acts pertaining to the named Plaintiff occurred in Multnomah County.

## FACTUAL ALLEGATIONS

17.     Prior to 2008, Walgreen Co. operated Walgreens stores and pharmacies in Oregon.

18.     Walgreens is one of the largest drugstore chains in the U.S., with more than 9,200 stores in all 50 states, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands. The company had fiscal 2014 sales of more than $76 billion. Walgreens operates approximately 76 drug stores in Oregon.

Law Offices of Daniel Snyder
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

19.     Around January 1, 2008, WPSW or WPSE began operating Walgreens pharmacies in Oregon and became the employer of most or all of Walgreen Co.'s employees in Oregon. Employees were not told that their employment with Walgreen Co. was terminated and that their new employer was WPSW or WPSE.

20.     WPSW and WPSE have never been authorized to transact business in Oregon as required by ORS 63.701.

21.     WPSW or WPSE operated under the assumed business name Walgreens or Walgreens Pharmacy in Oregon and other states. However, WPSW and WPSE have never registered with the State of Oregon to do so and were not authorized to do so. WPSW or WPSE was in violation of ORS 648.007.

22.     Pursuant to ORS 648.135, each plaintiff is entitled to an award of $500 for each defendants' violation of ORS 648.007.

23.     On October 25, 2014, Plaintiff began working for WPSW or WPSE.

24.     In 2014, defendant Walgreen Pharmacy Service Midwest, LLC became registered to do business in Oregon.

25.     On December 31, 2015, WPSW or WPSE stopped operating Walgreens stores in Oregon and Plaintiff's employment with WPSW or WPSE ended.

26.     On January 1, 2016, WPSM began operating Walgreens pharmacies in Oregon and became Plaintiff's employer.

27.     Plaintiff and class members' employment with WPSW or WPSE terminated on December 31, 2015 and they became employees of WPSM on January 1, 2016.

28.     WPSM operated, and continues to operate, under the assumed business name Walgreens or Walgreens Pharmacy in Oregon and other states. However, WPSM has never

Law Offices of Daniel Snyder
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

registered with the State of Oregon to do so and is not authorized to do so. WPSM was and is in violation of ORS 648.007.

29.     In contrast, Walgreens Co. was registered to do business in Oregon under the assumed business name Walgreens in Oregon from August 15, 2013 through August 16, 2017.

30.     Pursuant to ORS 652.140, WPSW or WPSE was required to pay all wages owed to all employees whose employment was terminated on December 31, 2015 by the end of the next business day.

31.     Plaintiff and class members were not paid all wages owed until January 14, 2016.

32.     On January 26, 2016, WPSW and WPSE merged with WPSM. Additionally, WPSW and WPSE no longer exist, and are unable provide adequate relief directly to Plaintiff and the class.

33.     WPSM is a successor to WPSW and WPSE because WPSM conducts the same business as conducted by WPSW and WPSE.

34.     WPSM is a successor employer and is liable to Plaintiff and class members to the same extent as WPSW and WPSE for Plaintiff's and class members' ORS Chapter 652 claims.

35.     Walgreens Co., WPSW, WPSE, and WPSM took steps to hide which entity employed plaintiff and the members of the class.

36.     For example, direct deposits stated that they were paid by Walgreens Co. Additionally, the EIN on Plaintiff's W2s was 361924025, which is the EIN assigned to Walgreen Co. by the IRS.

37.     Additionally, Employees of WPSW, WPSE and WPSM were subject to Walgreen Co.'s centralized human resources department, which provides payroll services, maintains payroll records, and administers the Walgreens human resources hotline. Employees at each of

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Walgreens' Oregon stores were directed to call the hotline with personnel-related questions and complaints.

38.     Furthermore, when employees of WPSW, WPSE or WPSM suffered on the job injuries in Oregon, claims were processed with Walgreen Co. listed as the employer.

39.     WPSW and WPSE have never had workers' compensation coverage in Oregon.

40.     Because of Walgreen Co. and defendants' actions and concealment, Plaintiff and all members of the class would not have known who their actual employer was or the dates their actual employer terminated their employment. Throughout his employment with the defendants, Plaintiff believed he was employed by Walgreens Co. He did not learn that he was employed by WPSW or WPSE until January 2021. He did not learn that he was employed by WPSM until after his employment ended in March 2019.

41.     On March 1, 2019, Plaintiff's employment with WPSM ended. Plaintiff's wages were due by the end of the next business day.

42.     On March 21, 2019, Plaintiff was paid his final paycheck.

43.     WPSM had a practice of failing to timely pay its employees whose employment ended when required by Oregon law. Instead, WPSM would pay final paychecks at the next schedule pay period.

44.     Employers failed to make timely payment of all wages due and owing Plaintiff and class members upon the ending of employment pursuant to ORS 652.140.

45.     Plaintiff and class members are entitled to a penalty pursuant to ORS 652.150.

46.     Defendants each, within the State of Oregon directly or through an agent, engaged, engages, used or uses the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed.

PAGE 7 – SECOND AMENDED CLASS ACTION COMPLAINT

47.     During the course of Plaintiff's and class members' employment, Employers allowed, suffered and permitted Plaintiff and class members to perform work for the benefit of Employers.

48.     At the time of termination of employment, Employers agreed to pay Plaintiff and class members at an hourly rate or salary.

49.     The last hourly rate or salary paid to Plaintiff and class members and the final date of employment for Plaintiff and class members should be in Employers' employment records.

50.     In failing to pay all of Plaintiff's and class members' final wages at termination, Employers were a free agent and determined their own actions.

51.     Employers knew Plaintiff's and class members' employment had ended when it ended for each Defendant.

52.     Employers possessed all information regarding the hours worked by Plaintiff and class members.

53.     Employers were required to possess all information regarding the hours worked by Plaintiff and class members.

54.     Employers could and did calculate the amount of wages due to Plaintiff and class members at termination.

55.     Employers were capable of paying all Plaintiff's and class members' wages earned and due at termination.

56.     Prior to filing this action, Plaintiff's attorney sent written notice of the wage claims to Employers.

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## CLASS ACTION ALLEGATIONS

57.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and a class of similarly situation individuals.

58.    The first class (WPSW or WPSE late payment class) is for Plaintiff and all similarly situated class members, who worked for WPSW or WPSE in Oregon on December 31, 2015, became employed by WPSM on January 1, 2016, and did not receive their final paycheck within the time required by ORS 652.140.

59.    The second class (WPSM late payment class) is for Plaintiff and all similarly situated class members, who worked for WPSM in Oregon, had their employment terminated any time after January 1, 2016, and did not receive their final paycheck within the time required by ORS 652.140.

60.    The Oregon State law claims, if certified for class wide treatment, may be pursued by all similarly situated persons who do not request exclusion or opt-out of the class. Class members may be notified of the pendency of this action by first-class mail. Class members may be identified through Defendants' human resources and payroll computer systems. Notice of the class action may be made by mailing to the class members' address in Employers' records.

### Fed. R. Civ. P. 23(a) Prerequisites

61.    **Numerosity**. The class is so numerous that joinder of all members is impracticable. Plaintiff estimates the first class to exceed 1300 person and the second class to exceed 2100 people. The precise number of class members is unknown but can easily be determined from Defendants' employment and payroll records.

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

62. **Common Questions of Law and Fact.** There are questions of law or fact common to the class that predominate over any questions affecting only individual members, including, but not limited to:

      A.     Whether WPSW or WPSE terminated class members employment on December 31, 2015;

      B.     Whether WPSW or WPSE failed to timely pay all wages when due and required by ORS § 652.140;

      C.     Whether WPSM had a practice of failing to timely pay all wages when due and required by ORS § 652.140;

      D.     Whether Employers' conduct in failing to timely pay all wages at the end of employment was willful;

      E.     Which remedies are available for the violations of 652.140; and

      F.     Whether class members are entitled to recovery their attorney fees under either ORS 652.200.

63. **Typicality**. Plaintiff's claims are typical of the claims of the class because they all suffered from the same policies or practices alleged herein and seek the same type of relief. Plaintiff's claims are typical of class members' claims in that:

      A.     Plaintiffs was affected by the violations described above;

      B.     Plaintiff's claims stem from the same practices and/or courses of conduct that form the basis of the claims;

      C.     Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances; and

      D.     Plaintiff's injuries are similar to the injuries which class members

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

have suffered.

64.    **Adequacy of Representation.** Plaintiffs will fairly and adequately protect the interests of the class. There is no conflict between Plaintiff's claims and those of other class members, the claims are typical, and the interests of the class members will be fairly and adequately protected by Plaintiffs and their counsel. Plaintiffs have retained counsel with experience handling class actions, wage claims, complex civil rights and employment cases, and personal injury cases. Class counsel includes counsel with extensive experience, including trial, appeal, and settlement of actions and complex cases in federal and state courts.

### Fed. R. Civ. P. 23(b)(3) Factors

65.    The questions of law or fact common to class members, as stated above, predominate over any questions affecting only individual members, namely the amount of penalty wages owed.

66.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy:

A.    Most individual members of the class have little interest in or ability to prosecute an individual action due to the complexity of the issues involved in this litigation and the relatively small damages suffered by each class member in relation to the expense and time required to pursue such an action;

B.    Counsel are not aware of any other class actions for damages or individual cases or claims made by prospective class members for the violations described herein;

C.    This action will allow an orderly and expeditious administration of class claims. Economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured;

PAGE 11 – SECOND AMENDED CLASS ACTION COMPLAINT

D.     Without a class action, the class may continue to suffer damages and Defendants' violations of law will proceed without remedy;

E.     This action should present no difficulty that would impede its management as a class action, all class members are identifiable from defendants' records, and a class action is the best available means by which Plaintiffs and the class can seek redress for the harms caused to them by Defendants; and

F.     The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## FIRST CLAIM FOR RELIEF

### (Violation of ORS 648.007)

67.     Plaintiff re-alleges all paragraphs as though fully alleged herein.

68.     Without waiving attorney-client privilege or work product, Plaintiff believed his employer and the proper entity to sue was Walgreens Co. until he contacted counsel in January 2021. Without waiving attorney-client privilege or work product, it was determined through the assistance of counsel that Walgreens Co. was not the proper entity to sue and that his employers would have been WPSE, WPSW, or WPSM.

69.     Pursuant to ORS 648.135, each plaintiff and class member is each entitled to an award of $500 for each defendants' violation of ORS 648.007.

70.     Plaintiff also seeks attorney fees, pursuant to ORS 648.135 plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

///

///

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## SECOND CLAIM FOR RELIEF

### (WPSE/WPSW Late Payment at Termination Claim)

71.     Plaintiff re-alleges all paragraphs as though fully alleged herein.

72.     Defendants WPSE or WPSW terminated the employment of plaintiff and all class members on December 31, 2015.

73.     Pursuant to ORS 652.140, Plaintiff and all class members were required to be paid their final wages by January 1, 2016.

74.     Plaintiff and all class members were not paid their final wages until January 14, 2016.

75.     Defendants WPSE or WPSW failed to pay all employees their final wages as required by ORS 652.140.

76.     Plaintiff and class members are owed a statutory penalty wages in an amount to be determined pursuant to ORS 652.150.

77.     Plaintiff's wage was approximately $14.00 per hour on December 31, 2015 and is owed a statutory penalty wages in the approximate amount of $1,456.

78.     Plaintiff estimates the class to consist of at least 1300 people, owed, on average, statutory penalty wages of $2,000, which totals 2.6 million dollars.

79.     Plaintiff and class members seek statutory wages pursuant to ORS 652.150, and costs, disbursements. Plaintiff also seeks attorney fees, pursuant to ORS 652.200(2) plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

## THIRD CLAIM FOR RELIEF

### (WPSM Late Payment at Termination Claim)

80.     Plaintiff re-alleges all paragraphs as though fully alleged herein.

PAGE 13 – SECOND AMENDED CLASS ACTION COMPLAINT

81.     Plaintiff and all class members employment with Defendant WPSM ended.

82.     Plaintiff and all class members were required to be paid their final wages within the time specified in ORS 652.140.

83.     Plaintiff and all class members were not paid their final wages within the time specified in ORS 652.140.

84.     Defendant WPSM failed to pay all employees their final wages as required by ORS 652.140. Instead, WPSM would pay its employees their final wages on the next scheduled pay day.

85.     Plaintiff and class members are owed  statutory penalty wages in an amount to be determined pursuant to ORS 652.150.

86.     Plaintiff's wage was $20.92 per hour on March 1, 2019 and is owed a statutory penalty wages in the amount of $3,347.20.

87.     Plaintiff estimates the class to consist of at least 700 people per year earning an average of $20 per hour. Plaintiff estimates on average each person is owed ten days of statutory wage penalties. Over a four-year period, Plaintiff estimates statutory wage penalties to total 4.48 million dollars.

88.     Plaintiff and class members seek statutory wages pursuant to ORS 652.150, and costs, disbursements. Plaintiff also seeks attorney fees, pursuant to ORS 652.200(2) plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

///

**Law Offices of Daniel Snyder**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## PRAYER FOR RELIEF

Plaintiff and class members pray for the following judgment against defendants:

1.      $500 for each violation of ORS 648.007;

2.      Statutory penalty wages pursuant to ORS 652.150 for plaintiff and each class

member;

3.      Attorney fees pursuant to ORS 652.200(2) and ORS 648.135;

4.      Pre-judgment and post- judgment interest on all damage amounts, plus

costs and disbursements under ORS 82.010; and

5.      For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: September 8, 2021

**Law Offices of Daniel Snyder**

_s/ Carl Post_
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249

Attorneys for Plaintiff