IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TAYLOR LEMONS**, individually and on behalf of all similarly situated individuals,

    Plaintiff,

v.

**WALGREEN PHARMACY SERVICES MIDWEST, LLC**, **WALGREEN PHARMACY SERVICES EASTERN, LLC**, and **WALGREEN PHARMACY SERVICES WESTERN, LLC**,

    Defendants.

Case No. 3:21-cv-00511-MO

OPINION & ORDER

**MOSMAN, J.**,

This matter comes before me on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [ECF 25]. For the reasons below, I GRANT in part and DENY in part the motion.

**BACKGROUND**

Defendants (jointly "Walgreens") are subsidiaries of Walgreens Co. In October 2014, Plaintiff Taylor Lemons was hired by one of these subsidiaries—he is unsure whether it was Walgreen Pharmacy Services Eastern, LLC ("Walgreen Eastern") or Walgreen Pharmacy Services Western, LLC ("Walgreen Western"). Second Am. Compl. [ECF 22] ¶ 23. In January 2016, Walgreen Pharmacy Service Midwest, LLC ("Walgreen Midwest") merged with Walgreen Eastern and Walgreen Western, acquiring all their employees in the process. *Id.* ¶¶ 26–27, 32. Lemons was

1 – OPINION & ORDER

paid on his normal payment schedule during this transition. *See id.* ¶ 31. Lemons continued to work for Walgreen Midwest until March 2019, when his employment ended. *Id.* ¶ 41.

Lemons brought this case in April 2021 as a class action. Compl. [ECF 1]. His original complaint made three claims. First, that Walgreens acted under an unregistered assumed business name in violation of the Oregon Assumed Business Name Act ("ABNA"). *Id.* ¶ 64. Second, that Walgreens failed to pay its employees timely wages following the merger between Walgreen Eastern, Walgreen Western, and Walgreen Midwest. *Id.* ¶¶ 65–73. And third, that Lemons was not paid timely wages upon his termination. *Id.* ¶¶ 74–82. Shortly thereafter, Lemons filed an amended complaint [ECF 13] and Walgreens filed a motion to dismiss Lemons's first two claims [ECF 14].

At oral argument, I granted Walgreens's motion in part. Mins. of Proceedings [ECF 20]. I dismissed the claim alleging untimely payment of wages following the merger because I found that the merger between the Walgreens subsidiaries did not constitute a termination of employment and that the claim was time-barred regardless. Tr. of Oral Arg. [ECF 21] at 11:4–12:3. I dismissed the ABNA claim because—among other defects—Lemons did not tie it to another claim. *Id.* at 20:4–19. Under Or. Rev. Stat. § 648.135(2), a plaintiff may seek a $500 penalty against a defendant who carries out business while operating under an unregistered assumed name in violation of Or. Rev. Stat. § 648.007. However, this penalty must be tied to an "action or suit in which the cause of action arises out of" the defendant's violation of Or. Rev. Stat. § 648.007. Lemons did not indicate which cause of action arose out of this alleged violation of Or. Rev. Stat. § 648.007, so I gave him leave to amend his complaint to specify. Tr. of Oral Arg. [ECF 21] at 20:4–19. Lemons promptly filed a second amended complaint [ECF 22], which Walgreens now moves to dismiss, Mot. to Dismiss [ECF 25].

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

**DISCUSSION**

Walgreens now moves to dismiss Lemons's second amended complaint. Mot. to Dismiss [ECF 25]. Specifically, Walgreens requests the following: (1) dismissal with prejudice of Lemons's untimely payment of wages claim against Walgreen Eastern and Walgreen Western; (2) dismissal with prejudice of Lemons's ABNA claim; and (3) dismissal of the Lemons's untimely payment of wages claim against Walgreen Midwest as to a purported class. *Id.* at 2. I address each request in turn.

I. **Walgreen Eastern/Walgreen Western Untimely Payment of Wages Claim**

Here, Lemons's claim is identical to the untimely payment of wages claim from his first amended complaint. Kunkel Decl. [ECF 26] Ex. B at 20–21. I dismissed this claim at oral argument, but I did not specifically state whether the dismissal was with prejudice. Tr. of Oral Arg. [ECF 21] at 11:4–12:3. Lemons repleaded this claim to avoid waiver if the dismissal was without prejudice. Resp. to Mot. to Dismiss [ECF 29] at 2–3. The flaws in this claim cannot be fixed by

amendment. As I found at oral argument, the discovery rule for tolling a statute of limitations does not apply here and Lemons's claim is time-barred. *Id.* at 11:16–12:3. Moreover, I found as a matter of law that Lemons's transition between working at different subsidiaries of Walgreens Co.—with no material changes in the terms or conditions of his employment whatsoever—was not a termination that could trigger the payment of wages under Or. Rev. Stat. 652.140. *Id.* at 11:4–15. Accordingly, I dismiss this claim with prejudice.

## II.  ABNA Claim

As a preliminary matter, I note that Lemons has withdrawn all class allegations surrounding his class claim. Resp. to Mot. to Dismiss [ECF 29] at 3. Thus, I need only determine whether the ABNA claim may proceed in Lemons's personal capacity.

Between his first and second amended complaints, Lemons added two paragraphs to his ABNA claim. *Compare* Am. Compl. [ECF 13] ¶¶ 67–68 *with* Second Am. Compl. [ECF 22] ¶¶ 67–70; *see also* Kunkel Decl. [ECF 26] Ex. B at 18 (showing changes in redline). These additions allege that Lemons did not learn that Walgreens Co. was not his employer until he received assistance of counsel. Second Am. Compl. [ECF 22] ¶¶ 67–70. However, Lemons has still failed to identify any costs that he incurred or efforts that he wasted due to his confusion as to his employer's identity.[1] This alone is grounds to dismiss this claim.

The next question is whether that dismissal should be with prejudice. Walgreens argues that dismissal with prejudice is necessary because Lemons cannot attach his ABNA claim to either of his predicate causes of action. Mot. to Dismiss [ECF 25] at 7–9. As I found at oral argument on

---

[1] Lemons states that he "took steps to hire an attorney to determine what claims he could pursue and the identity of the proper defendant to sue." Pl.'s Resp. to Defs.' Mot. to Dismiss [ECF 29] at 4–5. This would imply that Lemons incurred the cost of hiring an attorney to discover the true name of his employer. But this is not stated in the complaint; the complaint merely states that Lemons "determined through the assistance of counsel that Walgreens Co. was not the proper entity to sue." Second Am. Compl. [ECF 25] ¶ 68.

4 – OPINION & ORDER

the first motion to dismiss, Lemons cannot attach the ABNA claim to the claim against Walgreen Eastern and Walgreen Western because that claim has been dismissed with prejudice. Tr. of Oral Arg. [ECF 21] at 20:6–10. And attaching the ABNA claim to the claim against Walgreen Midwest would not work, Walgreens argues, because Lemons has admitted that Walgreen Midwest registered to do business in the state of Oregon in 2014. Mot. to Dismiss [ECF 25] at 8 (citing Second Am. Compl. [ECF 25] ¶¶ 24, 26). But Lemons has only conceded that Walgreen Midwest was registered as Walgreen Midwest; the core of his complaint is that each Walgreens entity operated under the assumed name of "Walgreens Co." when that was not its registered name. Second Am. Compl. [ECF 22] ¶ 40. Because I believe Lemons could plausibly allege facts supporting costs incurred due to this confusion, I dismiss his ABNA claim with leave to amend.

### III.    Walgreen Midwest Untimely Payment of Wages Claim

Lastly, Walgreens moves to dismiss Lemons's untimely payment of wages class claim against Walgreen Midwest as to a purported class. Lemons's class claim here centers around one allegation:

> [Walgreen Midwest] had a practice of failing to timely pay its employees whose employment ended when required by Oregon law. Instead, [Walgreen Midwest] would pay final paychecks at the next schedule[d] pay period.

Second Am. Compl. [ECF 22] ¶ 43. Oregon law sets a tight turnaround for employers to distribute final paychecks to former employees that would rarely line up with a traditional bi-weekly payment schedule. Or. Rev. Stat. § 652.140. By alleging that Walgreens distributes final paychecks based on its own schedule rather than the schedule required by Oregon law, Lemons has stated a claim. Furthermore, he has presented a common question of fact: does Walgreen Midwest have a policy of paying final paychecks at the next scheduled pay period instead of its obligations under Or Rev. Stat. § 652.140? Because "even a single common question will do," I find this allegation

5 – OPINION & ORDER

is sufficient to support a class claim. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (cleaned up).

Walgreens contends that individual questions will predominate over this common question. Mot. to Dismiss [ECF 25] at 9–13. However, none of the individual questions that Walgreens indicates are of the kind that would likely threaten to overtake a trial of the class claim that Lemons has pleaded. *See* Reply in Supp. of Mot. to Dismiss [ECF 32] at 5. Instead, they appear to be simple logistical questions like the date of an employee's termination, whether an employee was terminated or resigned, or the date an employee received his final paycheck. Upon revisiting the question of class certification on the merits, Walgreens may be able to show that these differences between claimants preclude a finding of commonality. But given the record before me on a motion to dismiss, Lemons has adequately pleaded a class claim. As such, I DENY Walgreens's motion as to Claim Three.

## CONCLUSION

For the reasons given above, I GRANT in part and DENY in part Walgreens's Motion to Dismiss [ECF 25]. I dismiss the untimely payment of wages claim against Walgreen Eastern and Walgreen Western with prejudice. Lemons has withdrawn his class claims surrounding his ABNA claim; I dismiss the individual ABNA claim without prejudice.

IT IS SO ORDERED.

DATED this ____ day of January, 2022.

MICHAEL W. MOSMAN
United States District Judge