IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TAYLOR LEMONS**, individually and on
behalf of all similarly situated individuals,

Plaintiff,

v.

**WALGREEN PHARMACY SERVICES
MIDWEST, LLC**, **WALGREEN
PHARMACY SERVICES EASTERN,
LLC**, and **WALGREEN PHARMACY
SERVICES WESTERN, LLC**,

Defendants.

Case No. 3:21-cv-00511-MO

OPINION & ORDER

**MOSMAN, J.**,

This matter comes before me on Plaintiff Taylor Lemons's Motion for Entry of Final

Judgment, [ECF 37]. For the reasons given below, I grant the motion.

**BACKGROUND**

Lemons brought this case in April 2021 as a class action against several subsidiaries of

Walgreens Pharmacy Services (jointly, "Walgreens"). One of his claims, Claim Two, was that

Walgreens failed to pay its employees timely wages following the merger between Walgreen

Eastern, Walgreen Western, and Walgreen Midwest. Second Am. Compl. [ECF 22] ¶¶ 71–79.

Lemons contended that this merger effectively terminated all Walgreen Eastern and Walgreen

Western employees and thus entitled them to payment of wages under Or. Rev. Stat. § 652.140. I

dismissed this claim at oral argument on Walgreens's first motion to dismiss. Mins. of

1 – OPINION & ORDER

Proceeding [ECF 20]. In my opinion and order on Walgreens's second motion to dismiss, I clarified that the dismissal was made with prejudice. Op. & Order [ECF 33] at 4.

Two of Lemons's claims remain active. In Claim One, Lemons seeks relief under Or. Rev. Stat. § 648.007 for incurring costs because Walgreens operated under an unregistered assumed business name. Second Am. Compl. [ECF 22] ¶¶ 67–70. Claim Three is a class claim, alleging that Walgreens has a practice of failing to timely pay its employees after terminating them. *Id.* ¶¶ 80–88.

## DISCUSSION

Lemons moves for the entry of final judgment on Claim Two in order to appeal my decision on that claim. Under Fed. R. Civ. Pro. 54(b), A court may enter partial judgment on a final decision if it "expressly determines that there is no just reason for delay." Partial judgment should be granted prudently to "'prevent piecemeal appeals in cases which should be reviewed only as single units.'" *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991) (quoting *McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir. 1986)).

Walgreens argues that entry of partial judgment is appropriate only if it is "'necessary to avoid a harsh and unjust result.'" Resp. to Mot. for Final J. [ECF 39] at 4 (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). But that is only the case if there is "[a] similarity of legal or factual issues." *Morrison-Knudsen Co.*, 655 F.2d at 965.

Walgreens contends that Claim Two and Claim Three are factually similar. Resp. to Mot. for Final J. [ECF 39] at 3–4. I disagree. Claims Two and Three pose discrete questions. Claim Two asks a legal question: whether employees are terminated when their employer merges with another entity. Claim Three asks a factual question: whether Walgreens meets its obligations under Or. Rev. Stat. § 652.140 to provide terminated employees with their final paycheck in a

timely manner. Claim Two does not involve any disputed facts or issues that will be fleshed out in greater detail or mooted during the litigation of Claim Three.

Because Claims Two and Three are factually and legally distinct, Walgreens will not be prejudiced by litigating them at both the trial and appellate levels. Walgreens alleges no other prejudice would result from entry of partial judgment. Accordingly, Lemons has met his burden under Rule 54(b).

## CONCLUSION

For the reasons given above, I GRANT Lemons's Motion for Entry of Final Judgment on Claim Two. Accordingly, it is ordered and adjudged that Claim Two of Lemons's second amended complaint [ECF 22] is dismissed with prejudice.


IT IS SO ORDERED.

DATED this _____ day of April, 2022.


_____
MICHAEL W. MOSMAN
Senior United States District Judge


3 – OPINION & ORDER