**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**TAYLOR LEMONS,** individually and on behalf of all similarly situated individuals,

Plaintiffs,

**v.**

**WALGREEN PHARMACY SERVICES MIDWEST, LLC, WALGREEN PHARMACY SERVICES EASTERN, LLC,** and **WALGREEN PHARMACY SERVICES WESTERN, LLC,**

Defendants.

Case No. 3:21-cv-00511-MO

**DECLARATION OF CARL POST IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

I, Carl Post, declare the following:

1. I am one of the attorneys for Plaintiff. I make this declaration based on my own personal knowledge.

2. Filed under seal as Exhibit 1 is a copy of defendant's policies concerning payment of wages upon termination of employment.

3. Filed under seal as Exhibit 2 is a spreadsheet summarizing certain elements of the payroll records provided by defendant to date. There are an estimated 561 potential members of the class. However, some of the members of the class have multiple claims. For example, some employees had their employment with defendant end during the class period, worked for defendant again, and had their employment end again. In this scenario, they are counted as 1 class member but would be owed penalties for each failure to timely pay wages upon termination. The data received to date of approximately 320 members establish defendant's practice of paying final wages late. Additional information is required to determine if some of the employees are class members. For example, some checks provided are not the employees final wage check, some checks are blank, and some checks do not have the check or payment date included.

4. Attached as Exhibit 3 is a copy of defendant's "People Central: For Managers" relating employee's change in employment status along with other documents provided in discovery related to documenting the separation of employment in defendant's payroll system.

5. I graduated from the University of Oregon School of Law a semester early in December 2005 and was admitted to the Oregon State Bar in April 2006. After law school graduation I worked for an attorney in Medford, Oregon for approximately six months. After that I opened my own law firm in Medford. I handled a variety of matters including, but not limited to, employment law, family law, personal injury, and construction law. I successfully ran my

own firm until April 2009, when I moved to Portland to work with Daniel Snyder. I have worked at this firm since April 2009, and my practice has primarily focused on complex litigation in the areas of employment law, civil rights law, disability rights law, and medical malpractice. I have ample experience with wage claims and knowledge of the legal and factual issues in this litigation. I am currently representing several inmates concerning a putative class action against Multnomah County and am representing several hundred inmates in two mass tort cases. See USDC Case Nos. 3:21-cv-00501-AA, 3:21-cv-00196-SB, and 3:22-cv-00487-SB. I litigate in both state and federal court and have extensive experience litigating claims from client intake through trial. I have been the lead attorney on four jury trials and one bench trial. I have co-chaired two jury trials and one bench trial. I have been asked to speak at seminars on employment law issues, and have appellate experience on numerous appeals, including successfully arguing cases before the Oregon Supreme Court and Ninth Circuit Court of Appeals, and successfully defending a petition for a writ of certiorari to the U.S. Supreme Court. Additionally, I was recognized by Super Lawyers as a Rising Star in 2013 through 2017.

6. The Law Offices of Daniel Snyder has 4 attorneys, several legal assistants, and the resources to fully prosecute this action. My firm filed this lawsuit on behalf of Mr. Lemons on April 6, 2021. I have and will represent the class claims fairly, adequately, and vigorously. I am not aware of any conflicts of interest between myself or my firm and any members of the class. I have prosecuted this matter diligently to date and have already paid considerable expenses in pursuing discovery and settlement of this matter. My firm has sufficient resources to prosecute this action.

7. A true copy of the Order on Plaintiff's Motion for ORCP 32C Class Action Certification is attached as Exhibit 4.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF AND IS SUBJECT TO PENALTY OF PERJURY.

DATED: January 8, 2024

/s/ Carl Post
Carl Post, OSB 06105
carlpost@lawofficeofdanielsnyder.com
Telephone: (503) 241-3617

# Managing My Team: Taking Action As a Manager

**Manager Actions**

Whenever there is a change in one of your direct report's employment, you need to take action in People Central. Sometimes the system provides multiple ways to access the same information or take the same action. This section outlines the most direct way to take specific actions with direct reports on your team.

Manager actions include:

- Separating a team member
- Changing job position for a team member
- Changing compensation information
- Hiring contractors, vendors, or consultants
- Viewing Leave of Absence Information
- Viewing notifications and approve pending transactions

## Separate a Team Member

Use these steps to separate a direct report on your team. Ideally, you should complete this transaction in the system on the actual last day the team member works.

### Navigate to the Separation Screen

1. Select the **Manage My Team** tile on the home page to find the person you want to separate in the system.




2. Select the **Take Action** button.
3. Select the **Separate** action from the drop-down list that appears.




WALGREENS-TL000928

## Choose a Date

4. Choose a **date** that indicates the last day this team member worked.

   Ideally, this should be the same day you complete separation transaction in the system.

**Note:** If you enter the incorrect date or information, you will be UNABLE to change or delete the transaction. If this happens, you will need to contact HR to have them make the change.




## Select a Separation Reason

5. Select the **Separation Reason** from the drop-down menu.

   A reason code is assigned to the team member that is being separated based on the reason you select.

**Note:** Certain reason codes generate a warning pop-up box explaining the implications of selecting that reason code. In those cases, either confirm if you want to proceed or cancel the request.

6. When you are ready, select **Save**.




**Important:**
The Deactivate Position field signals if the position will be backfilled or not. It defaults to **No**, which means that after the person is separated from that position, it can be replaced with another person to fill the role. You CANNOT deactivate a position when there are additional people filling that position, or if that position has direct reports.

*Rate & Status*

# Separation Transaction

Walgreens UNIVERSITY

**Items Needed:**

- Team Member's Name/Employee ID
- Effective Date
- Team Member's Remaining Vacation Time

1. Choose **Requests**

2. Click **Transaction for Walgreens Employees**




3. Under **Choose one action**, select **Process Employment Separation**

4. Enter team member's **Name**, **Employee ID** or **SSN**

A pop-up window will appear on the screen. Select ***Leaving the Walgreen family of companies and will be removed from active employment***

5. Click **Submit**






WALGREENS-TL000930

Post Decl.
Ex. 3
Page 3 of 7

*Rate & Status*

# Separation Transaction



6. A pop-up window will appear. Click on the **reason for separation**

7. Click on **Submit**




8. On the separation screen, select whether the Separation is **Voluntary** or **Involuntary**




9. Click on the calendar icon and select the appropriate date to enter **the Last Day Worked**

The **Pay Through Date** is calculated as ***Last Day Worked + Remaining Vacation***




10. Choose one **Reason for Action**

11. Click **Approve Request** to approve or **Save Changes** to save as draft






WALGREENS-TL000931

# SEPARATION CODES

| Code | name |
|---|---|
| 12 | Vol Separation - Career Development |
| 13 | Vol Separation - Health Reasons |
| 10 | Vol Separation - Work/Life Balance |
| 1A | Separation - Contract Ended - Reduction in Spend |
| 1B | Separation - Contract Ended - Non-Employee Performance |
| 1C | Separation - Contract Ended - Project Complete |
| 1D | Separation - Contract Ended - Left for Another Assignment |
| 1E | Separation - Contingent Worker to Employee Conversion |
| 21 | Invol Separation - Reduction in Force |
| 25 | Invol Separation - Not Rehireable within 1 Year of Separation Date |
| 28 | Death |
| 29 | Vol Separation - Long Term Disability > 12 months |
| 30 | Vol Separation - Failure to return from approved leave |
| 31 | Vol Separation - Resigned for Another Job |
| 32 | Vol Separation - Personal Reasons |
| 33 | Vol Separation - Job Abandonment |
| 35 | Vol Separation - Working Conditions |
| 43 | Vol Separation - School |
| 44 | Vol Separation - Military Service |
| 45 | Miscellaneous Separation - Intercompany Transfer |
| 47 | Vol Separation - Not eligible for a leave of absence |
| 48 | Vol Separation - Voluntary Separation Program |
| 49 | Vol Separation - Normal Retirement |
| 50 | Invol Separation - Unsatisfactory Performance |
| 51 | Invol Separation - Attendance |
| 55 | Invol Separation - Impaired while on Duty |
| 56 | Invol Separation - Gross Misconduct |
| 58 | Invol Separation - Misconduct |
| 62 | Invol Separation - Failure to Complete Immig Forms (1-9) |
| 63 | Invol Separation â€“ Drug Testing Program |
| 64 | Invol Separation - Invalid 1-9 and/or SSN |
| 65 | Invol Separation - Rx QA Issue |
| 68 | Vol Separation - Temporary Employment |
| 75 | Invol Separation - Divestiture |
| 76 | Invol Separation - Violation of Policy/Standards Regarding the Sale of Tobacco Products |
| 77 | Invol Separation - Violation of Policy/Standards Regarding the Sale of Alcohol |
| 86 | Vol Separation - Failure to apply for a leave of absence |
| 98 | Vol Separation - No Hours/No Earnings |
| 99 | Separation - Team Member Never Started |

WALGREENS-TL000932

## Separation - Legacy Separations

| | |
|---|---|
| 14 | Vol Separation - Compensation |
| 12 | Vol Separation - Career Development |
| 16 | Invol Separation - Lacking required license/certification |
| 13 | Vol Separation - Health Reasons |
| 14 | Vol Separation - Compensation |
| 16 | Invol Separation - Lacking required license/certification |
| 10 | Vol Separation - Work/Life Balance |
| 67 | Invol Separation - Violation of sale of tobacco/alcohol policy |
| 65 | Invol Separation - Rx QA issue - Not Rehireable |

## Rehire Ineligible Codes

| Legacy Code | Mapped EC Code |
|---|---|
| 48 | 48 |
| 56 | 56 |
| 63 | 63 |
| 64 | 64 |
| 65 | 65 |
| 70 | N/A |
| 97 | N/A |
| 73 | N/A |
| 61 | 56 |
| 74 | N/A |
| 25 | 25 |
| 67 | 76 - non rehireable for 2 years |
| 67 | 77 - non rehireable for 2 years |

WALGREENS-TL000933

## Separation and Transfer Codes

Wording in ( ) is informational only. **DO NOT** release this information except to company management.

**01** **New Employee**
**02** **Rehired Employee**
**03** **Transfer into New Location**
**04** **Return from Leave of Absence**
**05** **Employee of Acquired Location**
**06** **Transfers To and From Disability**
**11** **Transferred to Another Location**
**12** **Leave of Absence – Personal**
**13** **Failure to Return from Personal Leave**
**14** **Transferred to Nonstore Location**
**15** **Failure to Return from Disability Leave**
**16** **Layoff (Union Locations Only)**
**17** **Leave of Absence – Disability – Includes Pregnancy**
**18** **Transfer out of Disability (Sick Benefits)**
**21** **Permanent Reduction in Force**
**22** **Discharged – Reduction in Hours (Rehirable)**
**23** **Store or Department Closed**
*24* *Restaurant Closed**
**28** **Employee Deceased**
**29** **Disability Leave Over 1 Year**
**30** **Failure to Return from An Approved Leave**
**31** **Quit – Has Another Job**
**32** **Quit – Personal Reasons**
**33** **Quit – Without Notice or Explanation**
**34** **Quit – Walked Off Job**
**35** **Quit – Dislike of Duties, Schedules, or Working Conditions**
**36** **Quit – Moving to Another Neighborhood or City**
*37* *Quit – Dislike of Working Schedule**
*38* *Quit – Dislike of Working Conditions**
**39** **Quit – Lack of Reliable Transportation**
**41** **Quit – To Attend School (Noncollege)**
**42** **Quit – To Stay Home (Withdrawing from Labor Market)**
**43** **Quit – To Attend School (College)**
**44** **Enter the Armed Forces (Use Only for Employees Who Will Be Separated for 30 Days or Longer)**
***45*** ***Transferred from Walgreens Payroll to Ceridian Payroll (Applies to OptionCare/Take Care, etc.)***
**46** **Quit – Going into Self-Employment**
**47** **Employee Not Eligible for Leave of Absence**
**48** **Resigned – (Contact Employee Relations before releasing verification)(1)**
**49** **Retired**
**50** **Discharged – Inattention to Duties**
**51** **Discharged – Excessive Tardiness/Absenteeism**
*52* *Discharged – Excessive Absenteeism**
**53** **Discharged – Insubordination to Superior**
**54** **Discharged – Discourtesy to Customers**
**55** **Discharged – Under Influence of Alcohol or Drugs While on Duty**
**56** **Left – Confidential – NOT REHIRABLE (The Loss Prevention report must indicate discharged or resigned and the date of separation you are releasing must be close to the date of discharge or resignation on the report; if no LP report, email separationinquiries@walgreens.com)**
**57** **Discharged – Substandard Work Performance**
**58** **Discharged – Violation of Company Policy**
*59* *Discharged – Poor Cash Handling**
**60** **Discharged – For Failure to Properly Notify Management When Absent**
**61** **Left – Confidential – NOT REHIRABLE (Requires prior Code 56 [refer to Code 56 for mandatory Loss Prevention report]; requested only by Employee Relations; if no LP report, email separationinquiries@walgreens.com)(1)**
**62** **Discharged – Failure to Complete Immigration Forms (I-9)**
**63** **Discharged – Drug Testing Program (Contact Employee Relations to determine eligibility for rehire)**
**64** **Discharged – Invalid I-9/SSN – NOT REHIRABLE**
**65** **Discharged – Pharmacy Quality Assurance Issues – NOT REHIRABLE**
**66** **Temporary Help (Employed 30 Days or Less)**
**68** **Discharged – Seasonal Employment**
*69* *Temporary Help for Summer Employment**
**70** **Permanent Reduction In Force – NOT REHIRABLE (Rewire for Growth [RFG] – Voluntary)**
**71** **Permanent Reduction in Force (Rewire for Growth [RFG] – Involuntary)**
**72** **Permanent Reduction in Force (POWER – Voluntary or Involuntary)**
**74** **Transition to Successor Employer – Involuntary – NOT REHIRABLE (Contact Employee Relations for override)**
***87*** ***Leave Status for Hourly Pharmacists, Pharmacy Interns/Grads, and Business Management Interns (BMI) (Separation Date Equals Date of Last Pay Period Worked)***
***98*** ***Administrative Separation for No Hours and No Earnings After 30 Calendar Days*** **(Email separationinquiries@walgreens.com)**
***99*** ***Administrative Separation for No Hours and No Earnings After 30 Calendar Days*** **(Email separationinquiries@walgreens.com)**

* *Obsolete*
**(1)** **Entered by Employee Records only.**

Verified Correct Copy of Original 2/6/2018.

ENTERED
MAR 05 2009
IN REGISTER SCL

FILED
09 MAR -4 PM 3:40
CIRCUIT COURT
FOR MULTNOMAH COUNTY

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**

**MICHAEL MIGIS**, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

**AUTOZONE, INC.**,

Defendant.

Case No. **0711-13531**

**ORDER ON PLAINTIFF'S MOTION FOR ORCP 32C CLASS ACTION CERTIFICATION**

**THIS MATTER** having come before this Court upon Plaintiff's *Motion for ORCP 32C Class Action Certification*, and the Court having heard oral argument on October 31, 2008, reviewed the file, and being fully advised of the premise thereof, for the reasons stated on the record the Court hereby ORDERS that Plaintiff's *Motion* is GRANTED for the reasons set forth herein.

## BACKGROUND

As the putative class representative, named Plaintiff Michael Migis filed this lawsuit on November 16, 2007 on behalf of himself and all current and former Oregon AutoZone employees having various claims against Defendant, including claims for: unpaid wages, untimely payment of final wages, unpaid overtime wages, unpaid minimum wages, and penalty wages deriving from violations of Oregon law regarding meal periods, and timely payment of wages upon termination from employment. The relevant claims periods for this case (depending on the claim alleged) range from two (2) to six (6) years back from the date of filing.

///



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Verified Correct Copy of Original 2/6/2018.

On August 15, 2008 Plaintiff filed a *Motion for ORCP 32C Class Action Certification*, requesting an order certifying the following classes: (1) payment of final wages; (2) unpaid off-the-clock work; (3) unpaid, interrupted meal periods and/or unpaid meal periods less than 30 minutes; and (4) derivative classes for those persons who are members of either the off-the-clock or unpaid meal period classes, or both, and who can make a mathematical showing from Defendant's records that they have suffered either a minimum wage violation, an overtime wage violation, or both.

Each of the proposed classes have claims which arise from the same alleged, wrongful courses of conduct by Defendant AutoZone applicable to all class members.

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

1. Plaintiff has met the numerosity requirement of ORCP 32A(1).

   a. The below-defined "Final Wages" three-year class meets the requirements of numerosity. In addition to Defendant counsel's admissions on the record, Plaintiff submitted information showing that there are at least 150 class members for a one year period, which gives rise to the inference there could be up to or more than 450 members of this class for the entire three year period.

   b. The below-defined "Off-the-Clock" six-year class consists of two sub-classes, both of which meet the requirements of numerosity. For the store <u>opening and closing sub-class</u>, Plaintiff submitted information showing that there are at least 195 class members for a one year period, which gives rise to the inference there could be up to or more than 1,170 members of this class for the entire six year period. For the <u>transfer of parts or travel between stores sub-class</u>, Plaintiff submitted information showing there are at least 90 class members for a one year period, which gives rise to an inference there could be up to or more than 540 members of this class for the entire six year period.

   c. The below-defined "Unpaid Meal Period" class meets the requirements of



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331



3184

Verified Correct Copy of Original 2/6/2018.

numerosity. Plaintiff submitted information showing that there are at least 327 class members for an approximate one year period, which gives rise to the inference there could be up to or more than 1,962 members of this class for the entire six year period.

d. The "derivative classes" consisting of those persons who are members of either the off-the-clock or unpaid meal period classes are not subject to ORCP 32A(1).

2. Plaintiff meets the commonality requirements of ORCP 32A(2). In addition to Defendant's admissions on the record, common questions of law or fact by class claim include:

a. Final Wages Class: (a) whether Defendant AutoZone has a policy of requiring its store managers to request a terminating employee's final paycheck; (b) whether Defendant AutoZone has a practice of sending a terminated employee's final paycheck to the employee's former store; (c) whether AutoZone systematically failed to pay Plaintiff and all putative class members their final wages when due; (d) whether AutoZone's systematic failure to pay was "willful" as that term is defined under Oregon law for purposes of complying with ORS 652.140; and (e) whether employees who have one or more Off-the-Clock or Unpaid Meal Period claims, and whose employment terminated during the relevant time periods, are entitled to penalty wages.

b. Off-the-Clock Classes:

(1) Opening / Closing Sub-Class: (a) whether AutoZone's policies and practices "suffered and permitted" hourly employees to perform work for AutoZone before clocking in and after clocking out; (b) whether permitting that unpaid work resulted in minimum wage violations (by causing an "effective wage rate" below Oregon's required minimum



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Verified Correct Copy of Original 2/6/2018.

wage); and (c) whether the permitting of that unpaid work resulted in work time over 40 hours, thereby requiring wages to be paid at the overtime rate (which in Oregon is a "minimum wage" violation).

(2) Travel Between Stores Sub-Class: (a) whether AutoZone employee travel time between stores during a single day constitutes "work time" under ORS 653.010 and OAR 839-020-0004; (b) whether AutoZone compensates employees for that travel time; (c) whether AutoZone requires an employee to clock out at one store before traveling to and clocking in at one or more subsequent stores, and whether this requirement results in unpaid travel time; (d) whether such unpaid wages created additional damages failure to pay minimum wage (by causing an "effective wage rate" below Oregon's required minimum wage); and (e) whether the permitting of that unpaid work resulted in work time required to be paid at the overtime rate.

c. Unpaid Meal Period Class: (a) whether a meal period shorter than 30 minutes constitutes "work time" and must be paid; (b) whether non-payment of that work time further resulted in minimum wage violations (by causing an "effective wage rate" below Oregon's required minimum wage); and (c) whether non-payment of that work time resulted in work time over 40 hours, thereby requiring wages to be paid at the overtime rate.

d. Derivative Classes: For the reasons set forth above in sections 2.a.(e), 2.b.(1)(c), 2.b.(2)(d)-(e), and 2.c.(c), commonality for the derivative classes is met.

3. Plaintiff meets the typicality requirements of ORCP 32A(3). Plaintiff has offered information showing that: (a) Plaintiff is a member of each class.; (b) Plaintiff's claims stem from the same practice or course of conduct that forms the basis of each



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Verified Correct Copy of Original 2/6/2018.

class; (c) Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances; (d) there is no antagonism between the interests of the named Plaintiff and putative, absent class members; and (e) the injuries which Plaintiff suffered are similar to the injuries that class members have suffered.

4. Plaintiff meets the adequacy requirements of ORCP 32A(4). Plaintiff Michael Migis is an adequate class representative because there is no conflict between his interests and the interests of the class members. Plaintiff's law firm of Bailey, Pinney & Associates, LLC, has sufficient experience in both wage and hour suits, and class action lawsuits, and the firm will adequately represent the interests of the class members.

5. Plaintiff meets the requirements of ORCP 32B for the following reasons.

(a) Prosecution of hundreds of separate, individual cases of the same or similar claims is impractical, and would undermine the mandate of ORCP 1B and general notions of judicial economy.

(b) In each of the proposed classes, common questions of law and/or fact predominate over individual questions.

(c) Few reasons exist to cause an individual to desire control of the prosecution of their case.

(d) Multnomah County is a desirable location to concentrate the litigation.

(e) The classes as proposed are manageable.

**THEREFORE**, the Court hereby ORDERS that this matter is certified as a class action lawsuit pursuant to ORCP 32, and defines the certified classes as follows:

1. **<u>Final Wages Class</u>**, a class including those Class Members who worked as hourly employees for Defendant AutoZone in Oregon between November 16, 2004 and



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Verified Correct Copy of Original 2/6/2018.

November 16, 2007, and who AutoZone failed to timely provide all wages earned and unpaid at the time of termination, as required by ORS 652.140(1) - (2)(b); and those individuals who terminated during that time and who prevail on their off-the-clock and/or meal period claims.

2. **<u>Off-the-Clock Class</u>**, a class including those Class Members who worked as hourly employees for Defendant AutoZone in Oregon between November 16, 2001 and November 16, 2007, and who AutoZone required to perform uncompensated "off-the-clock" work for the benefit of AutoZone by performing one or both of the following: (a) opening and/or closing an AutoZone store during that time period; and (b) transferring/delivering parts from one store to another, or traveling from one store to another during the same work day.

3. **<u>Unpaid Meal Period Class</u>**, a class including those Class Members who worked as hourly employees for Defendant AutoZone in Oregon between November 16, 2001 and November 16, 2007, and who AutoZone failed to provide uninterrupted meal periods of at least 30 minutes required by ORS 653.261 and OAR 839-020-0050(1)(a), and failed to pay employees for meal periods less than 30 minutes.

4. **<u>Other Minimum Wages / Overtime Wages Derivative Classes</u>**, a class including those Class Members who are members of either the Off-the-Clock or Unpaid Meal Period classes, or both, and who can make a mathematical showing from Defendant's records that they have suffered either a minimum wage violation, an overtime wage violation, or both.

SIGNED this 14th day of March, ~~2008~~ 2009.

**THE HON. JEROME E. LABARRE**
Multnomah Co. Circuit Court



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Verified Correct Copy of Original 2/6/2018.

**SUBMITTED BY:**

BAILEY, PINNEY & ASSOCIATES, LLC

A.E. "BUD" BAILEY, OSB NO. 87157
Bbailey@wagelawyer.com
1498 SE Tech Center Place
Vancouver, WA 98683
Phone: 360.567.2551
Fax: 360.567.3331
Attorney for Plaintiff

Verified Correct Copy of Original 2/6/2018.

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Order on Plaintiff's Motion for ORCP 32C Class Action Certification** upon:

Ms. Leigh Ann Tift
Littler Mendelson
One Union Square, 600 University St, Ste 3200
Seattle, WA 98101

by the following indicated method or methods:

[X] by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on November 26, 2008.

[X ] by **faxing** a full, true, and correct copy thereof to the person at facsimile number (206) 447-6965, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED: November 26, 2008

CHEY POWELSON, OSB 035512
Of Attorneys for Plaintiff

Verified Correct Copy of Original 2/6/2018.

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**

**MICHAEL MIGIS**, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

**AUTOZONE, INC.**,

Defendant.

Case No. **0711-13531**

**CERTIFICATE OF COMPLIANCE WITH UTCR 5.100**

I certify that on November 11, 2008, Plaintiff served upon Defendant's counsel Ms. Leigh Ann Tift via fax (at 206-447-6965) Plaintiff's proposed Order on Plaintiff's Motion for ORCP 32C Class Action Certification.

As of the date of this Certificate, Defendant has objected to Plaintiff's proposed Order, but has not proposed any counter-proposed order.

SIGNED this 26th day of November 2008.

BAILEY, PINNEY & ASSOCIATES, LLC

A.E. "BUD" BAILEY, OSB 87157
Attorney for Plaintiffs



**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Verified Correct Copy of Original 2/6/2018.

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Certificate of Compliance with UTCR 5.100** upon:

Ms. Leigh Ann Tift
Littler Mendelson
One Union Square, 600 University St, Ste 3200
Seattle, WA 98101

by the following indicated method or methods:

[X] by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on November 26, 2008.

[X] by **faxing** a full, true, and correct copy thereof to the person at facsimile number (206) 447-6965, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

DATED: November 26, 2008

CHEY POWELSON, OSB 035512
Of Attorneys for Plaintiff

*************** -COMM. JOUR - ****************** DATE NOV-2 008 ***** TIME 12:43 ********

MODE = MEMORY TRANSMISSION START=NOV-26 12:38 END=NOV-26 12:43

FILE NO.=752

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | a | 12064476965 | 015/015 | 00:05:28 |

-BAILEY PINNEY -

***** UF-8000 v2 ****************** -3605673331 - ***** - - *********

Verified Correct Copy of Original 2/6/2018.

**BAILEY, PINNEY & ASSOCIATES, LLC**
**Attorneys at Law**
**1498 SE TECH CENTER PLACE, SUITE 290**
**VANCOUVER, WA 98683**

Tele: 1-800-882-8351
Fax: 360-567-3331

AS

**November 26, 2008**

**PERSONAL AND CONFIDENTIAL**

**TO:** **Ms. Leigh Ann Tift**

**FAX NO.** **(206) 447-6965**

**Number of Pages (including cover page):** 15

**REGARDING:**

**Migis v. Autozone, Inc.**

**IF YOU DID NOT RECEIVE ALL PAGES, CONTACT ME IMMEDIATELY AT (360) 567-2551**

**COMMENTS:** **ORIGINAL DOCUMENTS**
**Regular mail**

**NOTICE TO RECIPIENT**

**The information contained in this facsimile is intended only for the use of the individual or entity named above and may contain attorney privileged information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify me by telephone (collect calls will be accepted) and destroy the information contained in this facsimile.**

Verified Correct Copy of Original 2/6/2018.

**NOTICE OF PENDENCY OF CLASS ACTION**

| | |
|---|---|
| **MICHAEL MIGIS, individually, and on behalf of all other persons similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AUTOZONE, INC.,**<br><br>**Defendant.** | **Multnomah County Circuit Court**<br>**State of Oregon**<br><br>**Case No. 0711-13531** |

**TO:** **All current and former employees of AutoZone, Inc. ("AutoZone") who were employed in Oregon as an hourly employee at any time between November 16, 2001 and November 16, 2007 ("Class Members").**

**THIS NOTICE AFFECTS YOUR RIGHTS.**
**PLEASE READ IT CAREFULLY.**

**CRITICAL DATES**

* **[30 days after mailing]** is the final date to mail in your formal **Request for Exclusion** if you do **not** want to be included in this class action.

**INTRODUCTION**

On October 31, 2008, the Court certified this case as a class action under Oregon law. You are receiving this Notice because the records AutoZone produced show you are a Class Member and have one or more of the Class Claims set forth below.

**NATURE OF THE ACTION**

On or about November 16, 2007, the named plaintiff and class representative Michael Migis ("Plaintiff") filed this suit as a class action in the Multnomah County Circuit Court against Defendant AutoZone (Case No. 0711-13531, entitled *Migis v. AutoZone, Inc.*, "Action"). Plaintiff generally alleges that AutoZone failed to properly pay its employees for the following "Class Claims":

1. **Final Wages**, a class of individuals (Class Members) who worked as hourly employees for Defendant AutoZone in Oregon between November 16, 2004 and November 16, 2007, and who AutoZone failed to timely provide all wages earned and unpaid at the time of termination, as required by Oregon Revised Statute 652.140(1) - (2)(b).

///
///

Verified Correct Copy of Original 2/6/2018.

2. **Off-the-Clock Wages**, a class of individuals (Class Members) who worked as hourly employees for Defendant AutoZone in Oregon between November 16, 2001 and November 16, 2007, and who AutoZone permitted to perform uncompensated "off-the-clock" work for the benefit of AutoZone by performing one or both of the following: (a) opening and/or closing an AutoZone store during that time period; and (b) transferring/delivering parts from one store to another, or traveling from one store to another during the same work day.

3. **Unpaid Meal Period Wages**, a class of individuals (Class Members) who worked as hourly employees for Defendant in Oregon between November 16, 2001 and November 16, 2007, and who AutoZone failed to provide uninterrupted meal periods of at least 30 minutes as required by Oregon Revised Statute 653.261 and Oregon Admin. Rule 839-020-0050(1)(a), and failed to pay employees for meal periods of less than 30 minutes.

4. **Other Minimum Wages / Overtime Wages**, a class of individuals who are Members of either the Off-the-Clock or Unpaid Meal Period classes, or both, and who can make a mathematical showing from Defendant's records that they have suffered either a minimum wage violation, or an overtime wage violation, or both.

## POSITIONS OF THE PARTIES

This Notice is not an expression of the Court's opinion as to the merits of the parties' positions.

AutoZone has denied and continues to deny each of the Class Claims, continues to assert defenses to those Claims, and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct that Plaintiff alleges in this Action.

Plaintiff's counsel at the law firm of Bailey, Pinney & Associates, LLC ("Class Counsel") have investigated and researched the facts and circumstances underlying the issues raised in the Action, and the applicable law. Class Counsel are also aware of the burdens of proof necessary to establish liability for the Claims, and of AutoZone's defenses.

## YOUR RIGHTS AND THE LEGAL EFFECT OF PARTICIPATING OR REQUESTING EXCLUSION

If you are a Class Member as described above, you may choose to remain a Class Member simply by doing nothing at this time. At some later date you will receive additional information.

By remaining a Class member you will be represented by Class Counsel, who will act as your representatives and class counsel for the prosecution of the Class Claims, and will not charge you for their services or costs, unless there is a recovery. If there is a recovery, pending Court approval the recovery may be reduced up to one-third (1/3) and paid to Class Counsel as a fee for their services.

If you are a Class Member as described above and do not wish to remain a Class Member, you must mail a signed, written request to be excluded. See the "Procedure For Exclusion" set forth below.

If you choose to and do exclude yourself from this Action, you retain the right to file your own lawsuit if allowed by law. You may obtain advice from an attorney before excluding yourself from the Action. If you

Verified Correct Copy of Original 2/6/2018.

exclude yourself, you will not be entitled to any recovery the Class Members may obtain in this Action. You may contact Class Counsel for a no-cost consultation, or consult an attorney of your choice.

Class Members who have not validly requested exclusion will be bound, to the extent allowed by Oregon law, by any order or Judgment entered in this case.

Whether you choose to remain in or exclude yourself from this Action and pursue any legal remedy on your own, AutoZone is prohibited by law from retaliating against you for exercising your legal rights.

## PROCEDURE FOR EXCLUSION

Class Members may exclude themselves from this Action by mailing a signed, written request to be excluded to: Rosenthal & Company, [address, city, state, zip].

In your written request for exclusion you must include your name (and other names used while employed by AutoZone, if any), current address, telephone number and Social Security Number. The request must be postmarked no later than **[date], 2009**, or 30 days after the postmarked date of this Notice, which ever is later.

Requests for exclusion that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective. Class Members who are eligible to and do submit valid and timely requests for exclusion will not be permitted to participate in the Action, nor will they be bound by any Judgment, or receive any monetary recovery, if a monetary recovery is obtained.

## FURTHER INFORMATION / EXAMINATION OF PAPERS / INQUIRIES

The foregoing is only a summary of the Action and does not purport to be comprehensive. For a more detailed statement of the matters involved in the Action, you may refer to the pleadings and other papers filed in the Action, which may be inspected at the Office of the Clerk of the Multnomah County Circuit Court located at 1021 SW Fourth Ave, Portland, OR 97204, during regular business hours.

All inquiries regarding this Notice should be directed to counsel for the Class, Bailey Pinney & Associates LLC , Attention: A.E. Bud Bailey, or Chey K. Powelson, 1498 SE Tech Center Place, Suite 290 Vancouver, WA 98683, Telephone: 1-800-882-8351.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, AUTOZONE, OR AUTOZONE'S ATTORNEYS WITH QUESTIONS.**

Dated [month] [day], 2009.

AUTHORIZED BY ORDER OF THE COURT
HON. JEROME E. LABARRE
MULTNOMAH COUNTYCIRCUIT COURT JUDGE