KAREN L. O`CONNOR, OSB No. 953710
karen.oconnor@stoel.com
TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
RYAN S. KUNKEL, OSB No. 154671
ryan.kunkel@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TAYLOR LEMONS, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN PHARMACY SERVICES MIDWEST, LLC, WALGREEN PHARMACY SERVICES EASTERN, LLC, and WALGREEN PHARMACY SERVICES WESTERN, LLC,<br><br>Defendants. | Case No.: 3:21-cv-00511-MO<br><br>**DECLARATION OF AMBER DEWEY IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING CLASS CERTIFICATION** |

I, Amber Dewey, declare and state as follows:

1. I am one of the Payroll Managers with responsibilities related to payroll administration for Defendant Walgreen Pharmacy Services Midwest, LLC ("Walgreens"). I am over the age of eighteen and make this declaration based upon my personal knowledge of the facts and circumstances described.

Page 1 – DECLARATION OF AMBER DEWEY IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING CLASS CERTIFICATION

123603352.2 0009869-00012

2.	I have been a Payroll Manager since 09/01/2014. In this role I am familiar with Walgreens' employment policies, including payroll administration and final paycheck policies and practices, and I am responsible for payroll audits and processing, direct deposit administration, payroll taxing and oversee the processing of disability benefit payments. I also have access to historical payroll and timekeeping data for Oregon employees.

3.	Prior to my current role, I was Business Systems Analyst Sr Payroll where I worked with IT in payroll system resolutions along with payroll processing.

4.	I have reviewed some of the data in the document labeled Walgreens-TL000935, which Plaintiff's counsel appears to have used to create Exhibits A through D attached to the Declaration of Carl Post in Support of Plaintiff's Supplemental Brief for Class Certification. For some of the employees in that data set (selected randomly), I reviewed their underlying payroll and time records to better understand the particular circumstances of the employees' history with Walgreens as shown in the data in Walgreens-TL000935.

5.	Employee ID 4129143 was hired on January 15, 2020 and stopped working five days later, on January 20, 2020. That employee was scheduled to work January 21, 22, 27, 28, and February 4, but did not. On February 15, 2020, eleven days after the employee was last scheduled to work, the Store Manager entered into People Central that the employee's Last Day of Work was February 14, 2020 (even though the employee did not work February 14 and in fact had not worked since January 20), and entered their Term Reason as "Vol Separation – Job Abandonment."

6.	Employee ID 3024559 has a Separation Date/Last Day Worked of March 20, 2019, which the Store Manager entered on June 20, 2019 and backdated to March 20, 2019.

Page 2 – DECLARATION OF AMBER DEWEY IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING CLASS
CERTIFICATION

123603352.2 0009869-00012

The employee then received their outstanding PTO on July 11, 2019. That employee was then rehired September 18, 2019 and remains a current employee.

7. Employee ID 1306898 has a recorded last day worked as January 1, 2020, but their last day recorded in the timekeeping system (Kronos) was November 22, 2019; on December 24, 2019, the Store Manager entered the last day worked as January 1, 2020. The employee did not work on January 1, 2020. Nonetheless, they were paid on January 2, 2020 gross wages of $2.85 for PTO that was accrued based on the data showing the employee worked through January 1. That PTO payment was in error because, per policy, Walgreens employees do not accrue PTO in the last week worked.

8. Employee ID 1663501 received a cash payout on June 14, 2019 for their hours worked between June 6 and June 14, as well as their accrued PTO. However, that cash payout does not appear in the payroll data until payroll processed it in August 2019, which was the result of a technological error. When a Store Manager issues a cash payout, an electronic file is sent to payroll indicating the payout so that payroll can update the employee's W-2 wages. In this instance, there was an error transferring that electronic file that was not rectified until August when payroll corrected the error in order to update the employee's W-2 wages.

9. Employee ID 4077544 has a recorded Separation Date/Last Day Worked of July 12, 2019 and a Last Pay Date of August 22, 2019. However, it appears that the Separation Date/Last Day Worked was in error, because the employee was rehired in the system on July 24, 2019, and regularly worked without a gap between that purported termination date to present.

10. Employee ID 2102960 has an actual last day of work, as recorded in Kronos, of April 18, 2019, and thereafter they appeared to have called out for multiple shifts, for which

Page 3 – DECLARATION OF AMBER DEWEY IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING CLASS CERTIFICATION

their Store Manager entered either PTO or sick time. On May 1, 2019, the Store Manager paid the employee cash four hours' wages, although the employee did not record any work time that day. That is consistent with the recommended practice to pay employees' four hours' wages upon a termination meeting. After May 1, 2019, the employee did not work, but the payroll system nonetheless added PTO accrued for the four hours' wages paid in cash on May 1, 2019, which was done in error – by Walgreens' policy, employees do not accrue PTO in their last pay period before termination. Because of that error in calculating PTO, the employee received a check for $1.73 on May 16, 2019.

11.     Employee ID 2909933 has a Termination Reason of "Permanente Reduction in Force," and a last day worked recorded as June 9, 2018, with a final pay date of July 26, 2018. That final pay included only vacation wages. There are no regular wages on that final paycheck because the employee's final wages for all hours worked was issued on June 28, 2018, and though the employee's last day of work was June 9, 2018, the Store Manager did not record their separation into People Central until July 20, 2018, which trigged payment of their accrued PTO, which was issued on July 26, 2018.

12.     Employee ID 1627074 has a Separation Date/Last Day Worked of December 20, 2018, and a Last Pay Date of February 7, 2019, with a Term Reason of "Vol Separation – Resigned for Another Job." However, that employee's last day of actual work was November 10, 2018 as recorded in Kronos, and they missed more than a month of scheduled shifts from November 17 to December 28. Then, on January 23, 2019, the Store Manager processed the employee's separation and incorrectly entered the last day of work into People Central as December 20, 2018. Because the employee had no hours worked, their final paycheck included only PTO, and was issued on February 7, 2019.

Page 4 – DECLARATION OF AMBER DEWEY IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING CLASS CERTIFICATION

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED: __June 13__, 2024

_____
Amber Dewey

Page 5 – DECLARATION OF AMBER DEWEY IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING CLASS CERTIFICATION

123603352.2 0009869-00012