**Carl Post, OSB No. 061058**
carlpost@civilrightsoregon.com
**John Burgess, OSB No. 106498**
johnburgess@civilrightsoregon.com
**Snyder, Post & Burgess**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (971) 442-9303
Facsimile: (503) 241-2249
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **TAYLOR LEMONS,** individually and on behalf of all similarly situated individuals,<br><br>          Plaintiffs,<br><br>     v.<br><br>**WALGREEN PHARMACY SERVICES MIDWEST, LLC, WALGREEN PHARMACY SERVICES EASTERN, LLC,** and **WALGREEN PHARMACY SERVICES WESTERN, LLC,**<br><br>          Defendants. | Case No. 3:21-cv-00511-MO<br><br>**DECLARATION OF CARL POST IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Carl Post, declare the following:

1.      I am one of the attorneys for Plaintiff and the Class Members.  I make this declaration based on my own personal knowledge.

2.      In July 2021, Plaintiff served Defendants with interrogatories and requests for production of documents. Defendants responded to plaintiff's interrogatories and request for production on August 20, 2021. Between August 2021 and June 2023, Defendants provided discovery concerning approximately 561 potential class members. The discovery consisted of payroll and other information necessary to calculate potential penalty wages for each employee pursuant to ORS 652.150. I am experienced with wage claims and have settled similar claims for other employees.

3.      On January 8, 2024, Plaintiff moved to certify the class. Oral argument was held on April 23, 2024. At oral argument, the court instructed the parties to conduct limited additional discovery and submit supplemental briefs. See Mins. of Proc. [ECF 84]. Plaintiff submitted his supplemental brief on May 31, 2024 [ECF 91], and Defendant filed its brief in response on June 14, 2024 [ECF 95]. On July 1, 2024, the court granted Plaintiff's motion to certify in part. On July 15, 2024, Walgreens filed a petition for permission to appeal the order granting class certification. The petition was denied on August 29, 2024.

4.      In 2022, the parties participated in several mediation conferences through the United States Court of Appeals for the Ninth Circuit. In July 2023, the parties engaged the services of Senior Judge Henry Kantor to attempt to resolve the matter and attended mediation on November 1, 2023. Although the case did not settle at that time, the parties agreed to resume settlement discussions after class certification issues were determined. After class certification, the parties resumed settlement discussions with the aid of Judge Kantor and attended two more

mediations on December 3 and 20, 2024. Again, the case did not settle but the parties continued to discuss settlement over the next several months. After months of arms' length negotiations conducted with the assistance of Judge Kantor, the Parties were able to reach a Settlement. On June 23, 2025, the parties entered into a Stipulation and Settlement of Class Action. ("Settlement Agreement" or "Agreement"). See Exhibit 1.

5.      The Net Settlement Amount is the portion of the Maximum Settlement Amount remaining after deductions of the Settlement Administration Costs of $100,000, Court-approved Attorneys' Fees and Costs of up to $833,333.33, and the Court-approved class representative enhancement of no more than $7,500. If all requested amounts are approved, the amount to be distributed to the class members is estimated to be $1,559,166.67. The amount paid to each Settlement Class Member (his/her "Settlement Award") will be calculated on a pro-rata basis to each class member, according to each class member's proportionate share of the total potential penalty allegedly owed to the class plus 9% statutory interest.

6.      The potential penalty for each Class Member was calculated as follows. First, the number of penalty days was calculated by taking the number of days between termination of employment and the date of final pay and then subtracting five days to avoid the individualized inquiry to determine whether an employee gave notice to quit or left employment by mutual agreement.[1] The number of penalty days was then multiplied by 8 hours and further multiplied by the hourly rate of each employees. For example, if an employee was paid final wages 15 days after termination and earned $30.00 per hour, the penalty would be 10 days multiplied by 8 hours

---

[1] See ECF 98, p. 5 "Limiting the class to members who received their final pay six or more days after their termination date avoids the need for individualized inquiry to determine which class members gave notice of their intent to quit. Likewise, limiting the class this way also avoids the need to identify which members left their employment by mutual agreement because if an employee is discharged or their employment is terminated by mutual agreement, wages earned are due by the end of the next business day. ORS 652.140(1)."

per day multiplied by $30.00 per hour, which equals $2,400. Each employee's prejudgment interest is 9% simple interest based on the number of days between the date final wages were paid through present.

7.      Intentionally left blank.

8.      This is an excellent result for the members of the Class. The litigation risks if the case were not settled include, among other things, an adverse decision on the merits, loss of motions which would result in limiting any exposure, and the possibility that a jury would return a less favorable verdict. This could have reduced the amount recovered or denied a recovery altogether to the members of the Class. Class Counsel and Plaintiff wish to avoid these risks and uncertainties, as well as the consumption of time and resources of litigation, through settlement pursuant to the terms and conditions of the Agreement.

9.      After all of the payments of the court-approved Class Representative Service Award, Attorney Fees and Cost Award, and the Settlement Administration Costs are deducted from the Maximum Settlement Amount, the amount remaining is the Net Settlement Amount. The Net Settlement Amount shall be distributed to Settlement Class Members. The submission of a claim form is not required to be paid. See Ex. 1 at p 21.

10.     The amount paid to each Settlement Class Member (his/her "Settlement Award") will be calculated on a pro-rata basis to each class member, according to each class member's proportionate share of the total potential penalty allegedly owed to the class plus 9% statutory interest. See Ex. 1 at p 21.

11.     Class Counsel will apply to the Court for an award of an amount up to one-third (1/3) of the Maximum Settlement Amount for reasonable attorneys' fees and reimbursement of litigation costs. (Agreement at ¶ 4.3.5.) Plaintiff will also apply for approval of a Class

Representative Service Award in an amount not to exceed $7,500.  (Agreement at ¶ 4.3.4.)  The motion shall be scheduled for the Final Approval Hearing but will be filed at least fourteen days before the deadline to submit written objections to the Settlement.

12.     The Parties and their Counsel have investigated the facts and law during the prosecution of this Action. Such discovery and investigations have included the exchange of information pursuant to formal and informal discovery, conferences between representatives of the Parties, and interviews of potential witnesses. Counsel for the Parties have further investigated the applicable law as applied to the facts discovered regarding the alleged claims and potential defenses thereto, and the damages claimed by Plaintiff and Class Members. Following arms' length negotiations conducted with the assistance of a mediator, the Hon. Henry Kantor, the Parties were able to reach this Settlement.

13.     Plaintiff contends and continues to contend that the Class Claims have merit and give rise to liability. However, Plaintiff recognizes the expense and length of continued litigation against Walgreens through trial and any possible appeals. Plaintiff has taken into account the uncertainty and risk of the outcome of further litigation against Walgreens and the difficulties and delays inherent in such litigation. Plaintiff is also aware of the burdens of proof necessary to establish liability for the Claims asserted in the Action, and Walgreens' defenses thereto. Plaintiff has also taken into account the extensive settlement negotiations conducted with Walgreens. Based on the foregoing, Plaintiff has determined that the Settlement is fair, adequate and reasonable, and is in the best interests of all Class Members. Neither this Agreement, any documents referred to herein, nor any action taken to carry out this Agreement is, or may be construed as or may be used as an admission by or against the Plaintiff or Class Counsel as to the merits or lack thereof of the Claims.

PAGE 5     **DECLARATION OF CARL POST IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Snyder, Post & Burgess
(971) 442-9303
www.civilrightsoregon.com

14.     Walgreens has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action, including that Plaintiff or the Class Members suffered any damages. By settling this matter, Walgreens does not admit liability of any kind. Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, may be construed as, or may be used as an admission, concession or indication by or against Walgreens of any fault, wrongdoing or liability whatsoever.

15.     Class Counsel represent that they have conducted a thorough investigation into the facts of this case and have diligently pursued an investigation of the Class Members' claims against Defendants, including research of the applicable law and the potential defenses and review of relevant documents and data, including payroll data for the entire class during the class period.

16.     Plaintiff and Class Counsel concluded, after taking into account the sharply disputed factual and legal issues involved in this action, the risks attending further prosecution, and the benefits to be received pursuant to the compromise and settlement of the action as set forth in this agreement, that settlement on the terms set forth herein is in the best interest of the representative Plaintiff and the Class Members and is fair and reasonable.

///

PAGE 6     **DECLARATION OF CARL POST IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Snyder, Post & Burgess
(971) 442-9303
www.civilrightsoregon.com

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF AND IS SUBJECT TO PENALTY OF PERJURY.

DATED: January 16, 2026

SNYDER, POST & BURGESS

 s/ Carl Post

**Carl Post, OSB No. 061058**
carlpost@civilrightsoregon.com
**John Burgess, OSB No. 106498**
johnburgess@civilrightsoregon.com
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (971) 442-9303
Facsimile: (503) 241-2249
Attorneys for Plaintiff

**DECLARATION OF CARL POST IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Snyder, Post & Burgess
(971) 442-9303
www.civilrightsoregon.com

**Stipulation and Settlement Agreement of Class Action**

## 1. PREAMBLE

1.1     This Stipulation and Settlement Agreement of Class Action ("Settlement Agreement" or

"Agreement") is made by Plaintiff Taylor Lemons ("Plaintiff") and Defendants Walgreen Pharmacy

Services Midwest, LLC, Walgreen Pharmacy Services Eastern, LLC, And Walgreen Pharmacy

Services Western, LLC ("Walgreens") in the case pending in the U.S. District Court for the District of

Oregon Portland Division, case no. 3:21-cv-00511-MO and subject to the Court's approval.

## 2. DEFINITIONS

2.1     "Action" means the lawsuit entitled TAYLOR LEMONS, individually and on behalf of all

similarly situated individuals, v. WALGREEN PHARMACY SERVICES MIDWEST, LLC,

WALGREEN PHARMACY SERVICES EASTERN, LLC, and WALGREEN PHARMACY

SERVICES WESTERN, LLC, currently pending in the U.S. District Court of Oregon, Portland

Division, case no. 3:21-cv-00511-MO.

2.2     "Class Counsel" means Carl Post and John Burgess, attorneys at the Law Offices of Daniel

Snyder.

2.3     "Class Members" means all employees of Walgreens who were terminated between April 6,

2018, through April 6, 2021, who did not abandon or walk off their job, and who received their final

paycheck six or more days after their termination date.  The Class Members are those identified in

Exhibit B, which shall be filed under seal.

2.4     "Class Period" means April 6, 2018, through and including April 6, 2021.

2.5     "Class Representative" means Plaintiff Taylor Lemons.

2.6     "Court" or "District Court" means the U.S. District Court for the District of Oregon, Portland

Division.

2.7     "Defendants' Counsel" or "Defense Counsel" means Karen O'Connor and Ryan Kunkel of

Stoel Rives LLP.

2.8    "Effective Date" shall be the later of (a) the Court's final approval of the Settlement

Agreement, if no objections have been filed, (b) the time of appeal has expired if an objection has been

filed, (c) or the final resolution of any appeal that has been filed.

2.9    "Final Judgment" refers to the Order and Final Judgment Approving Settlement.

2.10    "Final Settlement Approval Hearing" is the date that the Court will conduct a hearing in which

to hear any objections to the Settlement and the Parties' request to finally approve the Settlement and

enter the Final Judgment.

2.11    "Maximum Settlement Liability Amount" and "Settlement Amount" shall be interchangeable

terms and mean that Defendant shall pay no more than $2,500,000 under this Agreement. This sum

shall include, without limitation, all payments to the Settlement Class Members, settlement

administration expenses, Class Counsel's attorneys' fees and costs, and the service awards for Plaintiff.

Defendant shall pay a total of no more than the Maximum Settlement Liability Amount.

2.12    "Notice" means a document substantially in the form of the Notice of Class Action Settlement

attached as Exhibit A.

2.13    "Releasees" means Defendant and all of Defendant's present and former owners, parents,

subsidiaries, affiliates, and joint ventures, and all of its and their owners, shareholders, officers,

directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and

assigns, and any other persons acting by through, under or in concert with any of them.

2.14    "Response Deadline" means sixty (60) calendar days after the date on which the Notice is

initially mailed to Class Members.

2.15    "Settlement" means the compromise and settlement of the Action as contemplated by this

Agreement and all attached exhibits.

2.16    "Settlement Administrator" means a neutral third party to administer the Settlement and

retained for this purpose by both Parties. The Parties have selected Epiq Class Action & Claims

128939896.1 0009869-00012

Post Decl.
Ex. 1
Page 2 of 26

Solutions, Inc.to serve as the Settlement Administrator, subject to the Court's approval.

2.17    "Settlement Award" means the gross amount each Settlement Class Member is eligible to receive under this Agreement.

2.18    "Settlement Class Members" are Class Members who do not properly opt out of the Settlement Agreement.

## 3.  RECITALS

3.1    **Procedural Posture.** Plaintiff Lemons filed a complaint in the U.S. District Court for the District of Oregon commencing the Action on April 6, 2021 alleging that Walgreens failed to timely pay its employees upon termination as required by ORS 652.140 and that such employees are entitled to a penalty pursuant to ORS 652.150.

3.2    **Investigation in the Action; Assistance of Mediator.** The Parties and their Counsel have investigated the facts and law during the prosecution of this Action. Such discovery and investigations have included the exchange of information pursuant to formal and informal discovery, conferences between representatives of the Parties, and interviews of potential witnesses. Counsel for the Parties have further investigated the applicable law as applied to the facts discovered regarding the alleged claims and potential defenses thereto, and the damages claimed by Plaintiff and Class Members. Following arms' length negotiations conducted with the assistance of a mediator, the Hon. Henry J. Kantor, the Parties were able to reach this Settlement.

3.3    **Full Investigation and Benefits of Settlement to Class Members.** Plaintiff contends and continues to contend that the Class Claims have merit and give rise to liability. However, Plaintiff recognizes the expense and length of continued litigation against Walgreens through trial and any possible appeals. Plaintiff has taken into account the uncertainty and risk of the outcome of further litigation against Walgreens and the difficulties and delays inherent in such litigation. Plaintiff is also aware of the burdens of proof necessary to establish liability for the Claims asserted in the Action, and Walgreens' defenses thereto. Plaintiff has also taken into account the extensive settlement negotiations

128939896.1 0009869-00012

Post Decl.
Ex. 1
Page 3 of 26

conducted with Walgreens. Based on the foregoing, Plaintiff has determined that the Settlement is fair, adequate and reasonable, and is in the best interests of all Class Members. Neither this Agreement, any documents referred to herein, nor any action taken to carry out this Agreement is, or may be construed as or may be used as an admission by or against the Plaintiff or Class Counsel as to the merits or lack thereof of the Claims.

3.4     **Walgreens Denial of Claims and Reasons for Settlement.** Walgreens has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action, including that Plaintiff or the Class Members suffered any damages. By settling this matter, Walgreens does not admit liability of any kind. Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, may be construed as, or may be used as an admission, concession or indication by or against Walgreens of any fault, wrongdoing or liability whatsoever.

## 4.   SETTLEMENT TERMS

**4.1**     IT IS STIPULATED, and subject to the approval of the Court, the Parties agree and stipulate that the Action is hereby being compromised and settled pursuant to the terms in this Agreement and that subject to the Recitals above and by this reference become an integral part of this Agreement.

**4.2**     **Released Claims.**

 **4.2.1**   **Class Members' Release of Claims**. Class Members who do not opt-out and timely accept and negotiate their settlement checks shall release Walgreens and its owners, officers, employees, agents and all Releasees from any and all wage and hour claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, that were alleged or that reasonably could have been alleged based on the facts alleged in the Action, including those under any Oregon statute or  regulation concerning unpaid overtime, claims for missed meal or rest breaks, claims for liquidated damages, claims for

128939896.1 0009869-00012

Post Decl.
Ex. 1
Page 4 of 26

unlawful deductions from wages, claims for conversion of wages, claims for record-keeping

violations, late payment and overtime penalties, including claims under ORS Chapters 652 and

653 and OAR Chapter 839 Division 1 and Division 20, as well as any other Oregon wage and

hour statute or regulation, through the date the lawsuit was filed and the class period ends,

which is April 6, 2021.

**4.2.2   Protected Rights.** The Release of Claims does not apply to any claims that Plaintiff or

Settlement Class Members may have for workers' compensation benefits, unemployment

benefits, vested retirement benefits, or any other similar non-waivable rights.

**4.3     Maximum Settlement Liability Amount.** Walgreens shall pay a Maximum Settlement

Liability Amount of $2,500,000 to resolve the Action, which amount shall include all Settlement

Awards, Settlement Administrator costs, Class Representative Service Awards, and Attorney Fees and

Costs Award to Class Counsel.

**4.3.1   Settlement awards.** Each Settlement Class Member will receive a Settlement Award.

In order to receive a Settlement Award, Class Members do not need to submit a claim form. All

Class Members who do not opt-out will automatically receive a payment. All Settlement

Awards are for statutory penalties pursuant to ORS 652.150 and therefore will be allocated as

non-wages. The total potential "Settlement Awards" shall be the Maximum Settlement Liability

Amount less $100,000 in potential Settlement Administrator costs, a $7,500 Class

Representative Service Award, and Attorney Fees and Cost Award to Class Counsel of up to

one-third the Maximum Settlement Liability Amount.

**4.3.2   Distribution of Settlement Awards.** The Settlement Awards shall be distributed on a

pro-rata basis to each class member, according to each class member's proportionate share of

the total potential penalty (plus 9% statutory interest) allegedly owed to the class, as calculated

in Exhibit B to this Agreement, which shall be filed under seal. The Settlement Awards shall be

issued by mail to each class members' last known address, according to Walgreens' records or

128939896.1 0009869-00012

Post Decl.
Ex. 1
Page 5 of 26

an any updated address after a search by the Settlement Administrator, and will expire 120 days after they are issued ("Check Cashing Deadline"). The method of calculating distributions to Class Members is subject to Court approval and a different method will not give rise to a basis to abrogate the Agreement.

**4.3.3    Confidentiality of Settlement Award allocation amounts.**  The parties agree that the Settlement Award amounts allocated on a pro rata basis to class members described in the prior paragraph are confidential and shall not be specified in any public court filing or otherwise publicized by any party or the Settlement Administrator in any way.  To the extent those amounts must be identified in a court document, the parties agree the portions referencing the amounts shall be filed under seal.

**4.3.4    Class Representative Service Award.** Subject to Court approval, a Class Representative Service Award shall be paid to Plaintiff Taylor Lemons in the amount of $7,500. The Service Award is subject to Court approval and an award of less than the requested amount will not give rise to a basis to abrogate the Agreement. Any amount not awarded will be redistributed as Unclaimed Settlement Awards.

**4.3.5    Attorney Fees and Cost Award.** Class Counsel shall seek an award of not more than one-third of the Maximum Settlement Liability Amount, and reimbursement of costs (collectively "Attorney Fees and Cost Award"), subject to Court approval.

4.3.5.1       The Parties agree that an award of less than the amounts requested as the Attorney Fees and Costs Award would not give rise to a basis to abrogate the Settlement Agreement. Class Counsel shall not petition for, or accept, any additional payments for fees, costs or interest, except as provided in this Section. The Attorney Fee and Cost Award is separate and distinct from the cost of the Settlement Administrator. If the Court awards any amount less than one-third of the Maximum Settlement Liability Amount, then any amount not awarded will be added to the amount of available Settlement Awards.

128939896.1 0009869-00012

Post Decl.
Ex. 1
Page 6 of 26

**4.3.6   Settlement Administration Costs.** The costs of settlement administration shall be no more than $100,000. Any portion of the $100,000 allocated for Settlement Administration Costs that is not used shall revert to Walgreens.

**4.3.7   Returned Settlement Checks.** In the event that any settlement award check is returned as undeliverable, Settlement Administrator shall promptly re-mail the returned item to the corrected address of the intended recipient as determined by postal forwarding address or through a search of a national database, if any. If a corrected address cannot be obtained for the intended recipient, or in the case of two returns attributable to any Class Member, the disbursement due to that Class Member will be deemed to be Unclaimed Settlement Awards.

**4.3.8   Unclaimed Settlement Awards.** The Settlement Awards shall remain valid and negotiable for one hundred twenty (120) calendar days from the date of their issuance. Following the expiration of the 120 calendar days, the Unclaimed Settlement Awards will be redistributed as follows: half (50%) to a charity of Walgreens' choosing, and half (50%) to one or more of the following organizations to be chosen by Class Counsel: Campaign for Equal Justice, Legal Aid Services of Oregon, or the Oregon Law Center.

4.3.8.1    No later than twenty-eight (28) calendar days after the date the Settlement Awards are no longer valid pursuant to prior paragraph, the Settlement Administrator shall:

4.3.8.2    Distribute the Unclaimed Settlement Awards; and

4.3.8.3    Provide Class Counsel and Defendant's Counsel a list containing the names of the Settlement Class Members who have and have not negotiated, executed or deposited their Settlement Award. Such information shall be provided pursuant to the Stipulated Protective Order, and disclosure is subject to the no-retaliation provision infra.

**4.3.9   Timing of Payments.** The Settlement administrator shall:

4.3.9.1    Within twenty (20) calendar days after the Effective Date, pay the Settlement Awards to Settlement Class Members, the Attorney Fee and Cost Award to Class Counsel,

and the Class Representative Service Award to Plaintiff.

4.3.9.2    Be entitled to funds from the Settlement Amount for the cost of settlement administration within ten (10) calendar days after submitting detailed invoices to the Parties' Counsel, provided Counsel has no objections or questions to the amount requested.

**4.3.10  Taxes.**

4.3.10.1    The Settlement Award to each Settlement Class Member shall be allocated to non-wages.

4.3.10.2    Each person or entity receiving any payment under this Agreement shall be responsible for reporting and filing any tax returns as required by law as a result of any payment received pursuant to this Agreement. Each person or entity receiving any portion of the Settlement Amount shall be solely responsible for the payment of any and all taxes or other liabilities owed by them for any amounts received.

4.3.10.3    The Settlement Administrator shall establish a Qualified Settlement Fund ("QSF") for the purposes of administering this Settlement.

**4.3.11  Effect of Settlement Payments.** The Parties expressly agree that any amounts paid as required by this Agreement shall not have any effect on the eligibility for — or calculation of — any employee benefit provided by Defendant, including but not limited to: vacation, holiday, retirement, cafeteria, dependent care, and Oregon's sick time. The Parties agree that any payment pursuant to this Agreement does not represent any modification of any employee's previously credited hours of service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan, or other program or policy. These payments also will not be considered wages, compensation, or annual earnings for benefits in any year for purposes of determining eligibility for, or benefit accrual within, any employee pension benefit plan, employee welfare benefit plan or other program or policy, except as otherwise required by law.

128939896.1 0009869-00012

Post Decl.
Ex. 1
Page 8 of 26

**4.3.12  No Claims Based On Payments.** No person shall have any claim against Walgreens, the Releasees, Defendant's Counsel, Plaintiff, the Class, Class Counsel or the Settlement Administrator based on distributions and payments made in accordance with this Agreement.

**4.3.13  Funding Settlement.** Defendant shall provide the Maximum Settlement Amount to the Settlement Administrator no later than thirty (30) calendar days after the Court issues an order granting preliminary approval of the Settlement. If the Court denies final approval of the Settlement or if as a result of the final resolution of any appeal of the Settlement is not approved, within fourteen (14) calendar days of such date the Settlement Administrator shall return the Maximum Settlement Award to Defendant, unless the Parties are working towards final approval by the Court and agree that the Settlement Administrator shall retain the Maximum Settlement Amount in the interim period before the Parties file a renewed motion for final approval.

**4.4    Settlement Administrator.** The Parties agree that Settlement Services, Inc. shall act as the Settlement Administrator. The Parties agree to cooperate in the Settlement administration process and to make all reasonable and good faith efforts to control and minimize the costs and expenses incurred in administration of the Settlement. The Settlement Administrator shall be responsible for:

4.4.1    Designating a primary contact person who shall be responsible for complying with this Agreement and Court's orders;

4.4.2    All administrative duties, including, but not limited to: preparing, printing, mailing, and emailing, the Notice to the Class Members, keeping track of requests for exclusion, performing an initial National Change of Address (NCOA) search upon receipt of the Class Member mailing addresses, mailing and performing at least one skip trace on Class Settlement Notices returned as undeliverable;

4.4.3    Tendering Settlement Awards to Settlement Class Members, the service award to Plaintiff, and the Attorney Fee and Cost Award to Class Counsel, based on the terms of this

128939896.1 0009869-00012

Post Decl.
Ex. 1
Page 9 of 26

Agreement;

**4.4.4**    Promptly responding to Class Members' questions, comments, or inquiries;

**4.4.5**    Providing both Parties' Counsel with weekly reports detailing the number of returned envelopes and re-mailings, the number of Request for Exclusions, objections received, and such other information that is reasonably related to administration of the Settlement;

**4.4.6**    Obtaining tax identification number(s) for Defendant applicable to the Settlement, to the extent required;

**4.4.7**    Mailing the Settlement Awards to each Settlement Class Member;

**4.4.8**    Report payment to the Settlement Class Members of the Settlement Awards to all required taxing and other authorities, and issue appropriate tax forms (e.g., Internal Revenue Service Form 1099) to Settlement Class Members, Plaintiff, Defendants and Class Counsel.

**4.4.9**    Distributing any Unclaimed Settlement Awards.

**4.4.10**    The Settlement Administrator shall keep Defendant's Counsel and Class Counsel equally apprised of the status of the Settlement Administration until completion of the settlement. Any decisions regarding the administration that are not addressed in this Agreement shall be submitted to the Parties' Counsel jointly.

**4.4.11**    Establishing a valid QSF and completing and submitting all required payments filings, reports or other documents for same with the relevant taxing authorities.

**4.4.12**    Establishing a dedicated website and a toll-free class action hotline. The website will include the information shown on the class notice, answers to frequently asked questions, important publicly available case documents (including the operative complaint, answer and affirmative defenses, the Court's order granting class certification, the settlement agreement, all motions for approval of the settlement, attorney fee awards, incentive award, the motion for final approval of settlement after it is filed, and any Court orders or other documents filed with the Court concerning the settlement), and contact information for class counsel. The

administrator may add other important documents to the website to facilitate communication with class members. The toll- free hotline will include a recorded set of answers to frequently asked questions, with an option to dial directly to the offices of Class Counsel.

      **4.4.13**      Other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.

**4.5**      **Preliminary Approval Motion and Motion for Class Certification.** Plaintiff shall file a motion with the Court seeking preliminary approval of the Settlement. Class Counsel shall provide to Defendants' Counsel a copy of the preliminary approval motion and motion for class certification and supporting documents for review and approval at least fourteen (14) calendar days prior to filing.

**4.6**      **Class List.** Within five (5) calendar days after entry of the order granting preliminary approval of the settlement, Defendant shall provide Class Counsel and the Settlement Administrator with a list of class members ("Class List") in Excel format.

      **4.6.1**      The Class List shall include the following information: the full names, last known addresses, last known telephone numbers, available personal email addresses, date of birth, and Social Security Numbers of each Class Member. The Social Security Numbers will be redacted when provided to Class Counsel.

      **4.6.2**      The Class List will be considered confidential and is to be used for purposes of the Settlement only.

**4.7**      **Class Action Fairness Act.** As required by the Class Action Fairness Act ("CAFA"), Walgreens shall provide notice to the U.S. Attorney General, and the department of labor (or other appropriate contact) for each of the States and/or territories where any of the Class Members are known to reside as of the date the Agreement is filed with the Court and submitted for its approval. The form of CAFA notice agreed to by the Parties is attached hereto as Exhibit C. Such CAFA notice shall be made by Defendant within ten (10) calendar days after the filing of the motion for preliminary approval by Class Counsel. The Final Settlement Approval Hearing will not be set until at least ninety

(90) calendar days after the CAFA notice has been mailed to the federal and state officials as noted above.

4.8    **Notice of Class Action Settlement.** The Parties agree that the Notice shall be in the format provided in Exhibit A, which was jointly drafted or agreed to by the parties.

    **4.8.1    Delivery Method**. Within twenty-eight (28) calendar days after preliminary approval is granted, the Settlement Administrator shall mail a copy of the Notice to each Class Member. The Settlement Administrator shall mail the Notice to the address provided by Defendant (unless an updated address is provided by Class Counsel) and any different mailing address from the U.S. Postal Service after performing an initial National Change of Address ("NCOA") search. The Settlement Administrator shall also email the Notice to the personal email address of each Class Member for whom Defendant provides a personal email address.

    **4.8.2    Returned Undeliverable Mail**. Any Notice returned as undeliverable shall be re-mailed to the forwarding address affixed thereto, if a Notice has not already been sent to that address. If no forwarding address is provided, then the Settlement Administrator shall promptly perform a skip trace on the Notices returned as undeliverable and remail the notice to any new address that is located.

    **4.8.3**    Any Notices returned within five (5) calendar days before the Response Deadline shall not be re-mailed.

    **4.8.4**    Any Class Member whose Notice is returned undeliverable with no forwarding address, after compliance with the Settlement Administrator's search and mailing requirements as provided herein, will be excluded from the Settlement Class, will not be bound by the Settlement, and will not receive any Settlement Award.

    **4.8.5**    The Settlement Administrator's records as to who opts out of the Class by submitting a valid request for exclusion, shall be final and binding subject to approval by the Court.

**4.9**     **Objections to or Exclusions from the Settlement.** Class Members who wish to request exclusion from or file an objection to the Settlement must do so as set forth below.

 **4.9.1**     **Objections to Settlement**. The Notice shall provide that Class Members who wish to object to the Settlement must file with the Court, in the case record, and serve on the Settlement Administrator a written statement objecting to the Settlement by the Response Deadline.

 4.9.1.1     The objection must include the Class Member's full name, their name(s) while employed by Defendant, their address and telephone number, and the specific basis of the objection to the Settlement, along with any and all documents that support the objection.

 4.9.1.2     Objecting Class Members wishing to appear at the Final Settlement Approval hearing must file and serve their intention to appear with their written formal objection.

 4.9.1.3     Any Class Member who chooses to object to the Settlement Agreement may not opt out of the Settlement.

 **4.9.2**     Requests for Exclusion. The Notice shall provide that Class Members who do not wish to be bound by the Settlement may exclude themselves from the Class by mailing a Request for Exclusion on or before the Response Deadline. Alternatively, that Class Member may complete an Exclusion Request Form available at the website established by the Settlement Administrator on or before the Response Deadline.

 4.9.2.1     The Request for Exclusion must be a legible and written statement expressing the desire to be excluded and must include identifying information such as the case name, the Class Member's full name and name(s) while employed by Defendant, their address and telephone number, and their intent to be excluded from the settlement.

 4.9.2.2     The postmarked date on the envelope, email message, or date and time stamp from the website that contains the request for exclusion shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

4.9.2.3    Any Class Member who requests to be excluded from the Class will not be entitled to a Settlement Award, and will not be bound by the Release of Claims.

4.9.2.4    Any requests for exclusion received directly by either Party's Counsel shall be immediately forwarded to the Settlement Administrator along with the envelope, or email, in or through which the request was sent.

4.9.2.5    Class Members who fail to submit a valid and timely request for exclusion on or before the Response Deadline shall be bound by all terms of the Settlement.

**4.10    Final List of Class Members and Objections.** No later than ten (10) calendar days after the Response Deadline, the Settlement Administrator shall provide the Parties' Counsel with a complete list of all Class Members who have timely requested exclusion and copies of all objections.

**4.11    Final Settlement Approval Hearing and Entry of Final Judgment.** In accordance with the deadlines set by the Court in the order preliminarily approving the Settlement, Class Counsel shall request that the Court grant final approval of the Settlement and the entry of Final Judgment. Class Counsel shall provide to Defendant's Counsel a copy of the motion requesting final approval and supporting documents with seven (7) calendar days to review any such materials prior to filing.

**4.11.1**    Within ten (10) calendar days after the Response Deadline, the Settlement Administrator shall provide a signed declaration detailing the notice procedures, the number of requests for exclusion, and providing as an attachment a copy of the Notice. The Settlement Administrator shall include other such information as requested by the Parties.

**4.11.2**    The Parties shall present a Final Judgment for approval and entry. After entry of the Final Judgment, the Court shall have continuing jurisdiction for purposes of addressing: (i) settlement administration matters, and (ii) such post-Final Judgment matters as may be appropriate or as set forth in this Agreement.

4.12    **Privacy of Class Member Information.** The Settlement Administrator shall take appropriate steps to secure the privacy of Class Member's personal information consistent with Oregon and federal

law.

**4.13    No Solicitation of Objections or Requests for Exclusion.** The Parties agree to use their best efforts to carry out the terms of this Settlement. The Parties shall do nothing to solicit Class Members to Request Exclusion to the Settlement. At no time shall any of the Parties or their Counsel seek to solicit or otherwise encourage Class Members to submit objections to the Settlement or appeal from the Final Judgment. Both Parties agree to use their best good faith efforts to carry out the terms and conditions of this Agreement.

**4.14    Waiver of Right to be Excluded, Object, and/or Appeal.** Plaintiff agrees to not request exclusion from the Settlement. The Parties agree and are bound by the terms herein. The Parties further agree not to object or appeal from an order of Preliminary Approval, order granting final approval, and/or the Final Judgment. Any such request for exclusion or objection to the Settlement by either Party shall be void and of no force or effect.

**4.15    Stay on New Actions.** The Parties are not aware of any other actions proposed or pending against Defendant by Class Members for unpaid wages. However, the Parties will request that the Court, in its preliminary approval of the Settlement Agreement, enjoin Class Members from initiating or prosecuting any proceeding on any claim to be released under the Settlement Agreement.

**4.16    Anti-Retaliation.** Defendant shall not intimidate, discriminate or retaliate against any Class Member because of the Class Member's participation in this litigation, including, but not limited to refusing to opt out of the class, participation in the recovery provided herein, or advocating with other workers that they do so.

**4.17    Entire Agreement and Exhibits.** Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties. Each Party has had opportunity to consult with their legal counsel before signing this Agreement. This Agreement includes the terms set forth in the attached exhibits, which are incorporated by this reference as though fully set forth herein. This Agreement may

128939896.1 0009869-00012

Post Decl.
Ex. 1
Page 15 of 26

be amended or modified only by a written instrument signed by Counsel for all Parties, or as ordered by the Court.

**4.18    Execution.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument and a facsimile signature and a PDF scanned signed copy may be accepted as an original for purposes of executing this agreement.

**4.19    Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties.

4.20    **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their Counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**4.21    Choice of Law.** This Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Oregon.

**4.22    Invalidity of Any Provision.** Except as provided in this Agreement invalidation of any material portion of this Settlement shall invalidate this Settlement in its entirety, unless the Parties shall subsequently agree in writing that the remaining provisions of the Settlement are to remain in full force and effect.

**4.23    Failure to Approve.** Except as otherwise provided in this Agreement, if the Court does not approve either preliminarily or finally any material term or condition of the Settlement Agreement, or if the Court effects a material change, then the Settlement Agreement will be voidable and unenforceable, subject to the Parties' agreement to the contrary, and the costs of administration, if any, shall be split equally between the Parties.

**4.24    No Undue Publicity.** Neither Plaintiff nor Class Counsel shall cause to be publicized or

128939896.1 0009869-00012

Post Decl.
Ex. 1
Page 16 of 26

initiate, directly or indirectly, any discussion resulting in or the existence of this Agreement or its terms in any type of mass media, including, but not limited to, speeches, press conferences, press releases, interviews, television or radio broadcasts, newspapers, website postings, messages on the Internet, Facebook, Twitter or any other social media. In response to any media inquiry, Plaintiff and Class Counsel may respond that the matter has been resolved based on the terms in the Settlement Agreement as filed with the Court and believe it is a fair and reasonable resolution. Notwithstanding this provision, Class Counsel may also provide on their website the following description of the case: "Obtained class certification concerning alleged Oregon wage and hour violations in Lemons v. Walgreen Pharm. Servs. Midwest, Case No. 3:21-CV-00511 (D. Or.), which resolved pursuant to the Settlement Agreement as filed with the Court." Notwithstanding this provision, this provision does not apply to any publications ordered by the Court.

Dated: June 13 , 2025.

_____

Taylor Lemons


Dated: June 23 , 2025.

WALGREENS

By: _____

[_____]

[TITLE]

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **TAYLOR LEMONS,** individually and on behalf of all similarly situated individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>**WALGREEN PHARMACY SERVICES MIDWEST, LLC, WALGREEN PHARMACY SERVICES EASTERN, LLC,** and **WALGREEN PHARMACY SERVICES WESTERN, LLC**,<br><br>        Defendants. | Case No. 3:21-cv-00511-MO<br><br>**NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT AND HEARING DATE FOR FINAL COURT APPROVAL** |

**The U.S. District Court for the District of Oregon has authorized this Class Action Notice. This is NOT a solicitation from a lawyer.**

**Your Legal Rights May Be Affected Whether You Act Or Do Not Act.**

**Please Read This Notice Carefully**.

PAGE 1 - NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT AND HEARING DATE FOR FINAL COURT APPROVAL
129123638.1 0009869-00012

Settlement Agreement
Exhibit A

Post Decl.
Ex. 1
Page 18 of 26

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing and Receive a Payment** | If you received this notice and you meet the class definition, you are a member of the class. If you would like to remain a member of the class, there is nothing further you need to do. To receive a cash payment from the Settlement, you do not have to do anything. After final approval by the Court, the payment will be mailed to you at the same address as this Notice. If your address has changed, please notify the Settlement Administrator as explained below.  In exchange for the settlement payment, you will release claims against the Defendant as detailed below. |
| **Exclude Yourself** | To exclude yourself, you must send a written request for exclusion to the Settlement Administrator as provided below.  If you request exclusion, you will retain your right to sue the Defendant.  If you request exclusion, you will receive no money from the Settlement. Instructions are set forth below. |
| **Object** | You can object to the terms of the settlement before final approval by the Court. Directions are provided below. |

## 1.   Why did I get this Notice?

A proposed class action settlement (the "Settlement") of the above-captioned action pending in the United States District Court for the District of Oregon (the "Court") has been reached between Plaintiff Taylor Lemons ("Plaintiff") and Defendants Walgreen Pharmacy Services Midwest, LLC, Walgreen Pharmacy Services Eastern, LLC, and Walgreen Pharmacy Services Western, LLC ("Defendants" or "Walgreens") and has been granted preliminary approval by the Court.

You have received this Notice because you have been identified as a member of the Class, which is  defined as:

> All employees of Walgreens who were terminated between April 6, 2018, through April 6, 2021; who did not abandon or walk off their job; and who received their final paycheck six or more days after their termination date.

This Notice explains the lawsuit, the Settlement, and your legal rights. It is important that you read this Notice carefully as your rights may be affected by the Settlement. **The Court has not made a determination about any of the contentions of the parties. This Notice is not to be understood as an expression of any opinion by the Court as to the merits of the claims or defenses asserted by either side. Defendants expressly deny any wrongdoing.**

## 2.  What is this class action lawsuit about?

On April 6, 2021, Plaintiff filed a Complaint against Defendants in the United States District Court for the District of Oregon, where it is currently pending as *Lemons v. Walgreen Pharmacy Services Midwest, LLC, et al*., Case No. 3:21-cv-00511-MO (the "Action"). Plaintiff asserted claims against Defendants for alleged violations of ORS 652.140 and ORS 652.150. Plaintiff moved to certify a Fed. R. Civ. P. 23(b)(3) class action consisting of all employees of Defendant Walgreen Pharmacy Services Midwest, LLC whose employment was terminated between April 6, 2018 through the date of class certification. The district court granted the Motion to Certify in part, certifying "a class consisting of all employees of Walgreens who were terminated between April 6, 2018, through April 6, 2021; who did not abandon or walk off their job; and who received their final paycheck six or more days after their termination date." Additionally, the Court approved the Plaintiff to serve as the Class Representative, and Carl Post and John Burgess to serve as Class Counsel.

Defendants dispute all claims asserted in this litigation.  Specifically, Defendants maintain that it has properly complied with all state and federal laws and regulations.

## 3.  Why is there a settlement?

Defendants have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action, including that Plaintiff or the Class Members suffered any damages. By settling this matter, Defendants do not admit liability of any kind. Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever.

The Parties reached a settlement in order to avoid the risk, inconvenience and expense of further litigation.  Plaintiff and his attorneys believe the proposed settlement is fair, adequate and in the best interest of the class members to whom it applies given the outcome of their investigation, the consumption of time and resources required in connection with further litigation, and the uncertainty in the law governing some of the claims presented.

Nothing in this Notice, the Settlement, or actions to carry out the Settlement means that the Defendants admit any fault, guilt, negligence, wrongdoing or liability whatsoever. Defendants enter into this Settlement for the sole purpose of avoiding the operational burden, expense and uncertainty of continuing litigation.

The Court granted preliminary approval of the Settlement on [INSERT PRELIMINARY APPROVAL DATE].

## 4.  What are the terms of the Settlement?

- <u>Maximum Settlement Amount</u>. Defendants have agreed to pay a Maximum

Settlement Liability Amount of $2,500,000 to resolve the Action, which amount shall include all Settlement Awards, Settlement Administrator costs, Class Representative Service Awards, and Attorney Fees and Costs Award to Class Counsel.

- <u>Amounts to be Paid From the Maximum Settlement Amount</u>.  The Court has tentatively approved certain payments to be made from the Maximum Settlement Amount as described, below. These amounts are subject to final Court approval, and will be deducted from the Maximum Settlement Amount before settlement payments are made to  Class Members who do not request exclusion ("Settlement Class Members"):

- <u>Settlement Administration Costs</u>. Payment to the Settlement Administrator, estimated not to exceed $100,000, for administering the Settlement.

- <u>Attorneys' Fees and Costs</u>. Payment to Class Counsel of reasonable attorneys' fees a n d actual litigation expenses not to exceed $833,333.33 (one-third of the Maximum Settlement Amount) (the "Attorney Fees and Cost Award"). Class Counsel has been prosecuting the Action on behalf of Plaintiff and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

- <u>Class Representative Service Award</u>.  A Class Representative Service Award that will not exceed Seven Thousand Five Hundred Dollars ($7,500.00) to Plaintiff, or such lesser amount as may be approved by the Court, to compensate Plaintiff for her services on behalf of the Class in initiating and prosecuting the Action, and for the risks he undertook.

- <u>Calculation of Payments to Settlement Class Members</u>. After all of the payments of the court-approved Class Representative Service Award, Attorney Fees and Cost Award,  and the Settlement Administration Costs are deducted from the Maximum Settlement Amount, the amount remaining is the Net Settlement Amount.  The Net Settlement Amount shall be distributed to Settlement Class Members.  The submission of a claim form is not required to be paid.  The Net Settlement Amount shall be paid as described below.

  The amount paid to each Settlement Class Member (his/her "Settlement Award") will be calculated on a pro-rata basis to each class member, according to each class member's proportionate share of the total potential penalty allegedly owed to the class plus 9% statutory interest.

  If the Settlement is approved by the Court and you do not opt out, you will automatically be mailed a check for your Settlement Share to the same address as this Notice.  You do not have to do anything to receive a payment.  If your address has changed, you must contact the Settlement Administrator to inform  them of your correct address to insure you receive your payment.

- <u>Tax Matters</u>. All Settlement Awards will be allocated as non-wages, which will not be subject to wage withholdings and shall be reported on IRS Form 1099.

  Each person or entity receiving any payment under this Agreement shall be responsible for reporting and filing any tax returns as required by law as a result of any payment received pursuant to this Agreement. Each person or entity receiving any portion of the Settlement Amount shall be solely responsible for the payment of any and all taxes or other liabilities owed by them for any amounts received. Neither Class Counsel nor Defendants' Counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability. You may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

- <u>Conditions of Settlement</u>. This Settlement is conditioned upon the Court entering an order granting final approval of the Settlement.

## 5. What Do I Release Under the Settlement?

<u>Released Claims</u>. As of the date that the final judgment in the Action becomes final, Class Members who do not opt-out and timely accept and negotiate their settlement checks shall release Defendant and all of Defendant's present and former owners, parents, subsidiaries, affiliates, and joint ventures, and all of its and their owners, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in concert with any of them, from any and all wage and hour claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, that were alleged or that reasonably could have been alleged based on the facts alleged in the Action, including those under any Oregon statute or regulation concerning unpaid overtime, claims for missed meal or rest breaks, claims for liquidated damages, claims for unlawful deductions from wages, claims for conversion of wages, claims for record-keeping violations, late payment and overtime penalties, including claims under ORS Chapters 652 and 653 and OAR Chapter 839 Division 1 and Division 20, as well as any other Oregon wage and hour statute or regulation, through the date the lawsuit was filed and the class period ends, which is April 6, 2021. Excluded from Released Claims are any claims that Plaintiff or Settlement Class Members may have for workers' compensation benefits, unemployment benefits, vested retirement benefits, or any other similar non-waivable rights.

This means that, if you do not timely and formally exclude yourself from the settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Defendants and/or any of the other Released Parties about the legal issues resolved by this Settlement. It also means that all of the Court's orders in this Action will apply to you and legally bind you.

## 6. Do I need a lawyer?

You do not need your own lawyer. The Court appointed Carl Post and John Burgess as Class Counsel to represent all Class Members in this case. You will not be charged directly for these lawyers. They will be compensated from the Maximum Settlement Amount. If you want to be represented by your own lawyer, you may hire one at your own expense. You can contact Class Counsel at:

> Carl Post
> John Burgess
> Snyder, Post & Burgess
> 1000 SW Broadway, Suite 2400
> Portland, OR 97205
> (971) 442-9303
> carlpost@civilrightsoregon.com
> johnburgess@civilrightsoregon.com

If you have questions about the Settlement or your rights as described in this notice, you can contact SETTLEMENT ADMINISTRATOR CONTACT for more information.

**7. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to $833,333.00 from the Maximum Settlement Amount for attorney's fees and costs incurred to prosecute the case. The fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. You may object to the request of Class Counsel for attorney fees and expenses by filing an objection as set forth below.

**8. How much will my payment be?**

The Settlement Administrator will calculate the amounts of the Settlement Awards, which will be distributed on a pro rata basis based on the total potential alleged penalty.

Your settlement award is estimated to be approximately $[insert estimated payment]. The actual amount may be more or less depending on potential adjustments made by the court at final approval. Checks will be mailed to all class members who do not opt-out of the settlement.

**9. How can I get a payment?**

To get money from the Settlement, you do not have to do anything. A check for your Settlement Award will be mailed automatically to the same address as this Notice. If your address is incorrect or has changed, you must notify the Settlement Administrator. The Settlement Administrator is:

[INSERT SETTLEMENT ADMINISTRATOR CONTACT INFORMATION]

The Court will hold a hearing on [INSERT FINAL APPROVAL DATE] to decide whether

to approve the Settlement.  If the Court approves the Settlement, and there are no objections or appeals, payments will be mailed within approximately two months after this hearing. If there are objections or appeals, resolving them can take time, perhaps more than a year. Please be patient.

**10. What if I don't want to be a part of the Settlement?**

If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement or "opt out."  If you opt out, you will not receive a Settlement Award, you will not be bound by its terms, and you will not be represented by Class Counsel. You would retain your right to sue the Defendant as to the issues resolved by this Settlement. You have a right to consult with an attorney of your choosing.

To opt out, you must submit to the Settlement Administrator, by First Class Mail, a written, signed and dated request to opt-out postmarked no later than [insert date 60 days from date of mailing]. The request to opt-out must state in substance: "I have read the Class Notice, and I wish to opt-out of the class action and settlement of the case *Lemons v. Walgreen Pharmacy Services Midwest, LLC, et al*."  The request to opt-out must contain your name, address, signature and the last four digits of your Social Security Number for verification purposes. To be valid, the request to opt-out must be completed by you and must be timely submitted to the Settlement Administrator. No other person may opt-out for a living member of the Class.  Anyone who submits a timely and valid request to opt out shall not be deemed a Class Member and will not receive any payment as part of this Settlement.

The address for the Settlement Administrator is:

> [INSERT SETTLEMENT ADMINISTRATOR ADDRESS]

Written requests for exclusion that are postmarked after [insert date 60 days from date of mailing], or are incomplete or unsigned will be rejected, and those Class Members will remain bound by the Settlement and the releases described above.

**11.  How do I tell the Court that I don't like the Settlement?**

Any Class Member who has not opted out and believes that the Settlement should not be finally approved by  the Court for any reason may object to the proposed Settlement or to the motion for attorneys' fees, costs and service award (which will be posted for viewing on or before [insert date 14 days before objection deadline] on the settlement website at www._____.com.

Written objections must state your (the Class Member's) name, current address, telephone number, and describe why you believe the Settlement is unfair and whether you intend to appear at the final approval hearing.  All objections or other correspondence must also state the name and number of the case, which is *Lemons v. Walgreen Pharmacy Services Midwest, LLC, et al*., **Case No. 3:21-cv-00511-MO**.  Class Members may enter an appearance through an attorney at their own expense if the Class Member so desires.

Alternatively, Class Members shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) to make an oral objection.

**Any written objections must be delivered or mailed to the Settlement Administrator no later than [INSERT OBJECTION DEADLINE].** The address for the Settlement Administrator is [INSERT SETTLEMENT ADMINISTRATOR ADDRESS].

To object to the Settlement, you must not opt out, and if the Court approves the Settlement despite your objection, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any Class Member who does not object in the manner provided in this Notice shall have waived any objection to the Settlement, whether by appeal or otherwise.

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at [INSERT TIME] on [INSERT DATE], at the United States District Court for the District of Oregon, Mark O. Hatfield U.S. Courthouse, 1000 Southwest Third Avenue Portland, Oregon 97204, in Courtroom 16 before District Judge Michael W. Mosman. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The purpose of this hearing is for the Court to determine whether to grant final approval of the Settlement. If there are objections, the Court will consider them. This hearing may be rescheduled by the Court without further notice to you. **You are not required to attend** the Final Approval Hearing, although any Class Member is welcome to attend the hearing.

### 13. Will my information be sold or distributed?

**NO.** Your information is for use in this case only. It will not be sold or distributed.

### 14. How do I get more information about the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You may receive a copy of the Settlement Agreement, the motion for attorneys' fees, costs, and service award, the Final Judgment or other documents by writing to Class Counsel or by going to the settlement website at www._____.com.

You can call 1-800-[insert number] toll free; write to Lemons v. Walgreens Settlement, ATTN: Settlement Administrator, [INSERT SETTLEMENT ADMINISTRATOR ADDRESS]; or visit the website at www._____.com where you will find answers to common questions about the settlement, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

For a more detailed statement of the case, you may also refer to the pleadings and other papers on file with the Court. Information on how to inspect the Court files through the District Court of Oregon is available at https://pacer.uscourts.gov/file-case/court-cmecf-

PAGE 8 - NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT AND HEARING DATE FOR FINAL COURT APPROVAL

129123638.1 0009869-00012

Settlement Agreement
Exhibit A

Post Decl.
Ex. 1
Page 25 of 26

lookup/court/ORDC, calling 503-326-8008, or by going to the Clerk's Office located at Mark O. Hatfield U.S. Courthouse, 1000 Southwest Third Avenue Portland, Oregon 97204 during regular business hours.

Any questions that you have regarding this notice should be directed to Class Counsel at the above contact information.

**PLEASE <u>DO NOT</u> CALL THE COURT ABOUT THIS NOTICE.**

<u>IMPORTANT:</u>

- You must inform the Settlement Administrator of any change of address to ensure receipt of your settlement payment.
- Settlement checks will be null and void 120 days after issuance if not deposited or cashed. If the check of a Settlement Class Member remains uncashed by the expiration date, the funds from such uncashed checks will be paid *cy pres* to a charity. If your check is lost or misplaced, you should contact the Settlement Administrator immediately to request a replacement.