Carl Post, OSB No. 061058
carlpost@civilrightsoregon.com
**John Burgess, OSB No. 106498**
johnburgess@civilrightsoregon.com
**Snyder, Post, & Burgess**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (971) 442-9303
Facsimile: (503) 241-2249
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TAYLOR LEMONS**, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**WALGREEN PHARMACY SERVICES MIDWEST, LLC, WALGREEN PHARMACY SERVICES EASTERN, LLC,** and **WALGREEN PHARMACY SERVICES WESTERN, LLC,**<br><br>Defendants. | Case No. 3:21-cv-00511-MO<br><br>**ORDER:**<br><br>**(1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT;**<br>**(2) APPROVING CLASS NOTICE;**<br>**(3) APPOINTING SETTLEMENT ADMINISTRATOR; AND**<br>**(4) SCHEDULING FINAL APPROVAL HEARING** |

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement was

submitted to the Court on January 16, 2026. (Dkt 104). The parties have agreed on the terms and

conditions set forth in the Settlement Agreement attached as Exhibit 1 to the Declaration of Carl

Post (Dkt 105, pp. 8-24), which reflects the terms of the Settlement between the parties that is

PAGE 1 – Order

subject to final approval by this Court following notice to the proposed Class Members and a hearing to settle this action.

The Court has reviewed the Motion, Settlement Agreement, Declarations in Support of the Motion, other supporting documents filed in support of the Motion, as well as the files, records, and proceedings to date in this matter. The terms of the Settlement Agreement are incorporated as though fully set forth in this Order. Capitalized terms shall have the meanings attributed to them in the Agreement.

Based on preliminary examination, it appears to the Court that the Settlement is a sufficiently fair, reasonable, non-collusive, and adequate settlement of the Class Claims without any obvious deficiencies such that disseminating notice to the Class is appropriate; the Settlement is the result of extensive, arms'-length, informed negotiations by experienced counsel; the Settlement does not improperly grant preferential treatment to the Class Representatives or to segments of the Class; the case should be certified as a class action for settlement purposes; and that the Court should hold a hearing after notice to the Settlement Class to determine whether to enter a final approval order of the Settlement and a Final Judgment dismissing this Action with prejudice.

Based on the foregoing, the Court orders:

1.      **Preliminary Approval of Proposed Settlement.** The Court GRANTS preliminary approval of the class action settlement as set forth in the Settlement Agreement and finds its terms to be within the range of reasonableness of a settlement that ultimately could be granted approval by the Court at a Final Approval hearing.  The Court preliminarily approves the terms of the Settlement Agreement and finds that they fall within the range of approval as fair, adequate, and reasonable. Based on a review of the papers submitted by Plaintiff, the Court finds

that the settlement is the result of arm's-length negotiations conducted after Plaintiff or his counsel adequately investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of an experienced mediator, the Honorable Henry Kantor, in the settlement process supports the Court's conclusion that the settlement is non-collusive and reasonable. The settlement is presumptively valid, subject only to any objections that may be raised pursuant to the terms of the Settlement Agreement.

2.     **Appointment of Settlement Administrator.** The Court designates Epiq Class Action & Claims Solutions, Inc. (Epiq) to serve as the third-party Settlement Administrator and directs the Settlement Administrator to send the Class Notice in accordance with the terms of the Settlement Agreement.

3.     **Final Settlement Approval Hearing.** A Final Settlement Approval Hearing shall be held before this Court on August 4, 2026, at 10AM in the sixteenth-floor courtroom, as will be set forth in the final version of the Notice, to determine whether the Settlement is fair, reasonable and adequate and should be given final approval. Papers in support of final approval of the Settlement and Class Counsels' application for an award of attorneys' fees, costs and expenses (Fee and Expense Application) shall be filed with the Court according to the schedule set forth below. The Court may postpone, adjourn, or continue the Final Settlement Approval Hearing without further notice to the Class. After the Final Settlement Approval Hearing, the Court may enter an order finally approving the Settlement and a Final Judgment in accordance with the Agreement, which will dismiss the Action with prejudice.

4.     **Notice.** The Court adopts the form and content of the Notice substantially in the form attached as Exhibit A to the Settlement Agreement be approved (Dkt. 105, pp. 25-33). In compliance with the Settlement Agreement, within twenty-eight (28) days of this Order, Epiq

shall cause notice to be delivered to all Class Members who can be identified with reasonable effort in the manner set forth in the Settlement Agreement. A notice substantially in the form attached as Exhibit A to the Agreement shall be emailed and mailed per the terms of the Settlement Agreements. The Court specifically finds that the Notice and the manner of its dissemination described above and in the Settlement Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the certification of the Class and the pendency of this Action, the terms of the Settlement Agreement, and the Class Members' right to object to or exclude themselves from the Class. The Court finds that the notice procedure called for in the Settlement Agreement is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

5.    **Filing of CAFA Notice.** Before the Final Settlement Approval Hearing, Defendants shall file with the Court proof of Defendants' compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

6.    **Exclusion from Class.** Each Class Member who wishes to exclude themselves from the Class and follows the procedures set forth in this Paragraph shall be excluded. Class Members who do not wish to be bound by the Settlement may exclude themselves from the Class by mailing a Request for Exclusion. Alternatively, that Class Member may complete an Exclusion Request Form available at the website established by the Settlement Administrator. All requests must be made no later than the Response Deadline, which is sixty (60) calendar days after the date on which the Notice is initially mailed to Class Members. The postmarked date on the envelope, email message, or date and time stamp from the website that contains the request

for exclusion shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. The Request for Exclusion must be a legible and written statement expressing the desire to be excluded and must include identifying information such as the case name, the Class Member's full name and name(s) while employed by Defendant, their address and telephone number, and their intent to be excluded from the settlement. Any Class Member who requests to be excluded from the Class will not be entitled to a Settlement Award and will not be bound by the Release of Claims.

     7.    **Objections and Appearances.**

        a.    **Written Objections**. Any Class Member who has not timely submitted a written request for exclusion from the Class may object to the fairness, reasonableness or adequacy of the Agreement, request for Attorney Fees and Costs, or request for Class Representative Service Award. Any potential member of the Class must file with the Court, in the case record, and serve on the Settlement Administrator (Epiq) a written statement objecting to the Settlement no later than the Response Deadline, which is sixty (60) calendar days after the date on which the Notice is initially mailed to Class Members. The objection must include the Class Member's full name, their name(s) while employed by Defendant, their address and telephone number, and the specific basis of the objection to the Settlement, along with any and all documents that support the objection. Objecting Class Members wishing to appear at the Final Settlement Approval hearing must file and serve their intention to appear with their written formal objection. Any Class Member who chooses to object to the Settlement

Agreement may not opt out of the Settlement. Any objection not timely made in this manner shall be forever barred.

b.     **Application for Attorney Fees and Cost Award.** Class Counsel shall file their application for the Attorney Fees and Cost Award, together with all supporting documentation, at least fourteen (14) days before the Response Deadline. The application will be heard at the Final Approval Hearing.

c.     **Responses to Objections.** Any responses to objections to the Settlement Agreement or the application for the Attorney Fees and Cost Award shall be filed with the Court within twenty-one (21) days after the Response Date.

8.     **Dates of Performance.** In summary, the dates of performance are as follows:

a.     Epiq shall send the Notice to Class Members within twenty-eight (28) days of this Order;

b.     All requests for exclusion or objections shall be made no later than the Response Deadline, which is sixty (60) calendar days after the date on which the Notice is initially mailed to Class Members;

c.     Class Counsel's application for the Attorney Fees and Cost Award, and all supporting materials, shall be filed at least fourteen (14) days before the Response Deadline;

d.     Motion for final approval of the Settlement shall be filed at least thirty (30) days prior to the Final Settlement Approval Hearing; and

e.     The Final Settlement Approval Hearing shall be held on August 4. 2026, at 10AM in the sixteenth-floor courtroom at the Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, OR 97204.

9.    **Effect of Failure to Approve the Agreement.** If for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

a.    All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

b.    The case shall return to its status as it existed before entry of this Order;

c.    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Representative Plaintiffs on any point of fact or law; and

d.    Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

10.    **Discretion of Counsel.** Counsel is hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement Agreement not materially inconsistent with this Order or the Settlement Agreement, including, without further approval of the Court, making minor changes to the content of the Notice(s) that they jointly deem reasonable or necessary.

11.    **Stay of Proceedings Pending Approval of the Settlement.** All proceedings before the Court are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Class Members are enjoined from initiating or prosecuting any proceeding on any claim to be released

PAGE 7 – Order

under the Settlement Agreement, provided, however, that this stay shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Order. This stay is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

12.    **Reservation of Rights and Retention of Jurisdiction.** The Court reserves the right to adjourn or continue the date of the Final Settlement Approval Hearing without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Class Members.

**IT IS SO ORDERED.**

Dated: 2/9/2026

Hon. Michael W. Mosman
United States District Court Judge

PAGE 8 – Order