**Carl Post, OSB No. 061058**
carlpost@civilrightsoregon.com
**John Burgess, OSB No. 106498**
johnburgess@civilrightsoregon.com
**Snyder, Post, & Burgess**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (971) 442-9303
Facsimile: (503) 241-2249
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**TAYLOR LEMONS**, individually and on behalf of all similarly situated individuals,

Plaintiff,

v.

**WALGREEN PHARMACY SERVICES MIDWEST, LLC, WALGREEN PHARMACY SERVICES EASTERN, LLC,** and **WALGREEN PHARMACY SERVICES WESTERN, LLC**,

Defendants.

Case No. 3:21-cv-00511-MO

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES, COSTS, AND REPRESENTATIVE SERVICE AWARD**

Plaintiff Taylor Lemons, on behalf of himself and the certified class, moves for final approval of the parties' class-action settlement and for an award of attorney fees, litigation costs, and a class-representative service award. ECF Nos. 111, 115. Defendants do not oppose either motion.

The Court held the final approval hearing on August 4, 2026. The Court has considered the Stipulation and Settlement Agreement of Class Action (ECF No. 105 at 8–33; ECF 106 at 3-23), the preliminary-approval record, the motions and supporting declarations, the Settlement Administrator's report, the arguments presented at the hearing, and the entire record. For the reasons below, both motions are GRANTED.

**FINDINGS AND CONCLUSIONS**

**A. Jurisdiction and Class Certification**

1. Jurisdiction and governing standard. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d). The Court finds that the CAFA Notice has been served as required by the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA").

2. Prior certification and preliminary approval. The Court previously certified a litigation class under Rules 23(a) and 23(b)(3). ECF No. 98. On February 9, 2026, the Court preliminarily approved the Settlement, approved the notice program, appointed Epiq Class Action & Claims Solutions, Inc. as Settlement Administrator, and scheduled the final approval hearing. ECF No. 108.

3. Settlement Class. For settlement purposes, the Court finally certifies the following Settlement Class: all employees of Walgreens who were terminated between April 6, 2018, through April 6, 2021; who did not abandon or walk off their job; and who received their final paycheck six or more days after their termination date.

4. Rule 23 requirements. The Settlement Class satisfies Rule 23(a) because it is sufficiently numerous; common questions exist; Lemons's claim is typical of the Class; and Lemons and Class Counsel have fairly and adequately represented the Class. The Settlement

Class also satisfies Rule 23(b)(3) because common questions predominate over individualized issues and class treatment is superior to individual adjudication. The Court confirms Taylor Lemons as Class Representative and Carl Post and John Burgess as Class Counsel.

**B. Notice**

5. Implementation. Epiq received records for 421 identified Class Members. Beginning March 9, 2026, Epiq mailed the approved Long Form Notice to all 421 identified Class Members and emailed notice to the 276 Class Members for whom a valid email address was available. Epiq used address updating, forwarding, and re-mailing procedures and established a dedicated settlement website and toll-free telephone line. Azari Decl. ¶¶ 21–31, ECF No. 116.

6. Results. As of June 30, 2026, mail or email notice was delivered to 395 of the 421 identified Class Members, a direct-notice reach of approximately 93.8%. The settlement website recorded 9,973 unique visitor sessions, and the toll-free line received 28 calls. Id. ¶¶ 28–31.

7. Exclusions and objections. The deadline to request exclusion or object was May 8, 2026. Epiq received no requests for exclusion and was aware of no objections as of June 30, 2026. Id. ¶ 32. No Class Member filed written objections and no objection was presented at the final approval hearing.

8. Adequacy of notice. The form, content, and method of notice complied with the Preliminary Approval Order, Rules 23(c)(2)(B) and 23(e), and due process. The notice was the best practicable under the circumstances and reasonably informed Class Members of the action, the material settlement terms, the requested fees, costs, and service award, the binding effect of remaining in the Class, and their rights to object, appear, or request exclusion.

**C. Final Approval of Settlement**

9. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

10. Settlement terms. Defendants will pay a Maximum Settlement Liability Amount of $2,500,000. The amount includes payments to Settlement Class Members, settlement-administration expenses of no more than $100,000, the approved service award, and the approved attorney-fee and cost award. The Net Settlement Amount will be distributed automatically; no claim form is required. Each award is calculated pro rata based on the Class Member's share of the total potential penalty plus nine-percent statutory interest as set forth in Exhibit B to the Settlement Agreement. ECF 106 at 3-23. Settlement checks remain negotiable for 120 days.

11. Fairness of negotiations and representation. The Settlement resulted from informed, arm's-length negotiations conducted by experienced counsel with the assistance of Senior Judge Henry Kantor over multiple mediation sessions and continued negotiations. The record shows no collusion. Lemons and Class Counsel adequately represented the Class throughout the litigation and settlement process.

12. Adequacy of relief. The $2.5 million fund provides substantial and prompt monetary relief while avoiding the expense, delay, and uncertainty of continued litigation, including disputes over liability, defenses, damages, and appellate review. The Settlement was reached after motion practice, class certification, discovery, factual investigation, and sufficient exchange of information to permit an informed evaluation.

13. Equitable treatment and allocation. The distribution formula has a reasonable and rational relationship to each Class Member's potential recovery. It uses the number of penalty

days, the employee's hourly rate, and statutory interest, and applies the same methodology to the Class. The $7,500 service award is separately justified by Lemons's work, risks, and does not improperly favor him at the Class's expense.

14. Class reaction. No Class Member submitted an exclusion request or objection. The absence of objections to the Settlement or the separately disclosed fee request strongly supports approval.

15. Rule 23(e)(2). Considering the adequacy of representation, the arm's-length nature of negotiations, the adequacy of the relief, the proposed method of distribution, the terms of the fee award, and the equitable treatment of Class Members, the Settlement is fair, reasonable, and adequate. It has no obvious deficiency and does not grant improper preferential treatment.

16. Unclaimed awards. After the 120-day check-cashing period, unclaimed Settlement Awards shall be distributed as provided in section 4.3.8 of the Settlement Agreement: fifty percent to a charity selected by Walgreens and fifty percent to one or more of the following organizations selected by Class Counsel: Campaign for Equal Justice, Legal Aid Services of Oregon, or Oregon Law Center.

17. Release. The release in section 4.2 of the Settlement Agreement is approved. As provided there, Class Members who did not opt out and who timely accept and negotiate their settlement checks release the Releasees from the wage-and-hour claims defined in the Agreement. Nonwaivable claims, including claims for workers' compensation, unemployment benefits, and vested retirement benefits, are not released. The Settlement Agreement controls the precise scope and operation of the release.

**D. Attorney Fees, Costs, and Service Award**

18. Percentage method. The Settlement creates a common fund. Class Counsel requests a combined attorney-fee and litigation-cost award of $833,333.33, equal to one-third of the $2.5 million fund. Although this exceeds the Ninth Circuit's 25-percent benchmark for fees, the requested percentage is reasonable in this case in light of the result, the risks assumed, the duration and complexity of the litigation, the contingent nature of the representation, the absence of objections, and awards approved in comparable wage-and-hour class actions.

19. Lodestar cross-check. Class Counsel reports an hourly rate of $600 per hour, 627.5 attorney hours, and a lodestar of $376,500 through the date of filing the motion for attorney fees, excluding additional work required for final approval and administration. Post Decl. ¶¶ 22–23, ECF No. 112. Treating the requested $833,333.33 as the upper bound produces a multiplier of approximately 2.21; accounting for the included expense reimbursement yields a slightly lower fee multiplier. The hourly rate and hours are reasonable and the cross-check confirms that the requested amount is reasonable.

20. Litigation costs. Class Counsel incurred $8,198.61 in reasonable and necessary out-of-pocket expenses in prosecuting the action. Post Decl. ¶ 24, ECF No. 112. Those expenses are recoverable from the common fund and are included within—not added to—the total $833,333.33 attorney-fee and cost award. The resulting attorney-fee component is $825,134.72.

21. Service award. A $7,500 service award to Taylor Lemons is reasonable. Lemons initiated the case, communicated with counsel, provided documents and information, participated in the investigation and prosecution, assumed litigation risks, and provided an individual general release. The award is modest compared with the total recovery and does not materially diminish Class relief.

**ORDER**

22. Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 115) is GRANTED.

23. The Stipulation and Settlement Agreement (ECF No. 105 at 8–33) is finally APPROVED and incorporated into this Order. The parties and the Settlement Class shall perform and be bound by its terms, except to the extent this Order expressly provides otherwise.

24. The Settlement Class is finally certified under Rules 23(a) and 23(b)(3) for settlement purposes. Taylor Lemons is confirmed as Class Representative; Carl Post and John Burgess are confirmed as Class Counsel; and Epiq Class Action & Claims Solutions, Inc. is confirmed as Settlement Administrator.

25. The notice program is approved as fully compliant with the Preliminary Approval Order, Rule 23, and due process. There are no valid exclusions from the Settlement Class.

26. The plan of allocation, settlement-administration expenses up to $100,000, $7,500 service award to Taylor Lemons, release, check-cashing period, and distribution of unclaimed awards are APPROVED, subject to the terms of this Order and the Settlement Agreement.

27. Plaintiff's Motion for Attorney Fees, Costs, and Representative Service Award (ECF No. 111) is GRANTED. From the common fund, Class Counsel is awarded $825,134.72 in attorney fees and $8,198.61 in litigation costs, for a combined award of $833,333.33. The amounts shall be paid in accordance with the Settlement Agreement.

28. The Settlement Administrator shall issue payments within the time and in the manner required by the Settlement Agreement. The parties shall provide the Court with a final administration report after completion of distributions, including the amount distributed to Class

Members, the number and value of uncashed checks, administration expenses paid, and the identity and amount paid to each recipient of unclaimed funds.

29. All claims in this action are DISMISSED WITH PREJUDICE. The Court retains continuing jurisdiction solely to enforce the Settlement Agreement and this Order, resolve settlement-administration issues, and address appropriate post-judgment matters.

**IT IS SO ORDERED.**

DATED: October 19, 2026.

Michael W. Mosman
Hon. Michael W. Mosman
United States District Court Judge